# Millum, Appellant, v. Lehigh & Wilkes-Barre Coal Company.

*Negligence—Infant—Land used as playground.*

1. Where the owner of property invites or permits its use by the public as a common or for a playground or a picnic ground, it is the duty of the owner to use reasonable precaution to protect the public from the operation of dangerous machinery located thereon. Under such circumstances, a different duty is imposed upon the owner, from that required of him towards those who are merely trespassers upon his property.

2. Where an owner of a lot of ground permits it to be used as a public common or children's playground and operates on such land moving wheels and moving ropes for raising coal without any guard or barrier around them, and a little boy four and a half years old is found fast in one of the wheels, severely injured, the question of the owner's negligence is for the jury.

Argued April 12, 1909. Appeal, No. 227, Jan. T., 1908, by plaintiffs, from order of C. P. Luzerne Co., Oct. T., 1905, No. 491, refusing to take off nonsuit in case of Francis Millum by his next friend and father, Joseph Millum, and the said Joseph Millum, each in his own right, v. The Lehigh & Wilkes-Barre Coal Company. Before MITCHELL, C. J., FELL, BROWN, POTTER and ELKIN, JJ. Reversed.

Trespass to recover damages for personal injuries. Before FULLER, J.

The circumstances of the accident are stated in the opinion of the Supreme Court.

*Error assigned* was refusal to take off nonsuit.

*James L. Lenahan,* for appellants.—My contention is, that the child was not a trespasser within the meaning of the case of Thompson v. B. & O. R. R. Co., 218 Pa. 444. It falls rather within the case of Henderson v. Refining Company, 219 Pa. 384; Rachmel v. Clark, 205 Pa. 314.

*Arthur Hillman,* with him *A. H. McClintock,* for appellee.— The nonsuit was proper: Rodgers v. Lees, 140 Pa. 475; Oil City, etc., Bridge Co. v. Jackson, 114 Pa. 321; Ritz v. City of Wheeling, 45 W. Va. 262.

OPINION BY MR. JUSTICE POTTER, June 22, 1909:

The dividing line between the principle upon which Thompson v. B. & O. R. R. Co., 218 Pa. 444, was based, and that upon which Henderson v. Refining Co., 219 Pa. 384, stands, may be a narrow one, but the distinction in principle between them may be readily traced. In the former case, the child who was injured, was considered as an intruder and a trespasser upon the property of the defendant company. In addition to this he was injured through the action of his playmates, rather than by reason of any machinery which the defendant company set in motion. Under the circumstances of that case, it was held that the property owner was not liable for the injury

to an intruder, caused not merely by the condition of the premises as they were, but chiefly by the carelessness of other children, who were also intruders and intermeddlers. Upon the other hand, in Henderson v. Refining Company, 219 Pa. 384, it was considered that the child who was hurt by coming in contact with dangerous machinery, left unguarded, was lawfully upon the premises: that the defendant company in that case, which owned both the lot where the dangerous machine was erected, and the dwelling houses on each side of it, had, by placing a gate in the fence upon one side, and a door in the house upon the other, each opening upon the lot in question, and in addition, by permitting the lot to be used for passage between the two houses, and as a playground for the children living in them, thereby extended to tenants in the houses, to their families and guests, an implied permission to enter upon, or cross the vacant lot.

At the time of the trial of the present case, the decision in Henderson v. Refining Co., 219 Pa. 384, had not been handed down, and therefore it could not have been brought to the attention of the court below. We consider that it is controlling, as applied to the facts of the case at bar. Here the facts, as stated by counsel, are substantially as follows. The accident by which a little boy only four and a half years old, was most severely injured, occurred in a field, some fifty or sixty acres in extent, owned by the defendant company, and lying on the outskirts of the city of Wilkes-Barre. The field was for the most part open and unfenced and was used, apparently, as a common, and at times as a picnic ground, and for the purposes of a playground. At a certain point in the field was a bore hole, and to the west about a quarter of a mile away, was an engine house of the defendant company. Between the engine house and the bore hole were a number of sheave wheels, placed on frames, about fifty feet apart, and varying in height. These wheels are of iron, about two feet in diameter, and with a flange to guide a wire rope, which passes over them from the engine house to the bore hole. The rope is used for raising and lowering coal, in the mining operations of the defendant. The accident occurred at the sixth pulley,

or sheave wheel, from the bore hole, or about 300 feet from it. It appeared that this wheel was situated about fifty feet from the roadway, and the wire rope ran parallel with the roadway, for a considerable distance. The moving wheels and the moving rope were uncovered, and were naturally dangerous to anyone who might come in contact with them. The little boy who was injured, lived with his parents, in a house some 500 feet away from the place of injury. No one saw the accident, but the child was found by two women, fast in the wheel. One witness testified that many children played on the premises, and held picnics there. He said children had been playing there for years; that the place was a regular common.

Where the owner of property invites or permits its use by the public, as a common, or for a playground, or a picnic ground, it is certainly the duty of the owner to use reasonable precautions to protect the public from the operation of dangerous machinery located thereon. Under such circumstances, a different duty is imposed upon the owner, from that required of him, towards those who are merely trespassers upon his property. The principle here involved was clearly set forth in Kay v. Penna. R. R. Co., 65 Pa. 269, where Justice AGNEW pointed out, that while ownership of ground carried with it the right to use it in the way most convenient and beneficial to the owners, yet as he said (273): "the case is altered when, by a license to others, they have devoted this ownership to a use involving their interests and their safety; and by sufferance permitted the public to enjoy a privilege of passage which might bring their persons into danger. Duties grow out of circumstances, the authorities tell us, and that which in one case would be an ordinary and proper use of one's rights may, by a change of circumstances, become negligence and a want of due care."

In the case at bar, the question to be determined, is, would an individual of common sense and ordinary intelligence, placed in the position of the defendant company, and possessing the knowledge which it must be assumed to have had, of the public use made of the premises, have seen that there was a likelihood of the uncovered machinery causing some in-

jury to children resorting to the place, and using it as a playground; and would he then under the circumstances, have considered it a duty to put a stop to the public use of the ground, or to take ordinary precautions to prevent such an accident as that which occurred.

We are of opinion that this case should have been submitted to the jury under proper instructions from the court, for them to determine whether, under all the circumstances, the defendant company was negligent.

The judgment is reversed, with a procedendo.