## Selve, Appellant, *v.* Pilosi.

*Negligence—Real property—Vaults—Children — Death — Nonsuit.*

1. A property owner is not bound to maintain his property so that a person wandering thereon, whether adult or child, may not sustain injury.

2. In an action to recover damages for the death of plaintiff's minor child, who while straying upon a lot owned by defendant fell into a vault which contained water and was drowned, a nonsuit was properly entered where it appeared that the vault was located at the rear of the lot at a point not ordinarily frequented by children, and there was no evidence of anything upon the lot to attract children, or to charge defendant with the knowledge that the vault was filled with water.

Argued Feb. 21, 1916. Appeal, No. 326, Jan. T., 1915, by plaintiffs, from final order of C. P. Lackawanna Co., June T., 1913, No. 359, refusing to take off nonsuit, in case of John Selve and Erne Selve, his wife, v. Nicholas

Pilosi.   Before MESTREZAT, POTTER, MOSCHZISKER, FRA-
ZER and WALLING, JJ.   Affirmed.

Trespass to recover damages for the death of plaintiffs'
child.   Before NEWCOMB, J.

The opinion of the Supreme Court states the facts.

The trial judge entered a nonsuit which the court in
banc subsequently refused to take off.   Plaintiffs ap-
pealed.

*Error assigned* was in refusing to take off the nonsuit.

*William J. Fitzgerald* and *Joseph O'Brien,* with them
*Edward J. Kelly,* for appellants, cited: Duffy v. Sable
Iron Works, 210 Pa. 326; Henderson v. Continental Re-
fining Co., 219 Pa. 384; Walsh v. Pittsburgh Railways
Co., 221 Pa. 463; Counizzarri v. Philadelphia & Reading
Ry. Co., 248 Pa. 474; Cosgrove v. Hay, 54 Pa. Superior
Ct. 175; Chesko, et al., v. Delaware & Hudson Co., 218
Fed. Repr. 804; Weida v. Hanover Township, 30 Pa.
Superior Ct. 424.

*John Memolo,* for appellee, cited: Thompson v. Balto.
& Ohio R. R. Co., 218 Pa. 444; Walsh v. Pittsburgh Rys.
Co., 221 Pa. 463; Gramlich v. Wurst, et al., 86 Pa. 74;
Gillespie v. McGowan, 100 Pa. 144; Moore, et ux., v.
Logan Iron & Steel Co., 3 Sadler (Pa.) 143; Hagan v.
Delaware River Steel Co., 240 Pa. 222; Baltimore v.
Ohio R. R. Co. v. Schwindling, 101 Pa. 258; Rodgers v.
Lees, 140 Pa. 475; Greis v. Hazard Mfg. Co., 209 Pa.
276; Grogan v. Penna. R. R. Co., 213 Pa. 340; Schiffer
v. Sauer Co., et al., 238 Pa. 550; McGinnis v. Peoples
Brothers, 249 Pa. 335; Blackstone v. Penn Central Light
& Power Co., 249 Pa. 519; Huey v. Gahlenbeck, 121 Pa.
238; Stearns v. Ontario Spinning Co., 184 Pa. 519;
Zahniser v. Penna. Torpedo Co., 190 Pa. 350; Allen v.
Kingston Coal Co., 212 Pa. 54; Weaver v. Carnegie Steel

Co., 223 Pa. 238; McDonnell v. Orinoka Mills, 241 Pa. 61.

OPINION BY MR. JUSTICE WALLING, May 15, 1916:

This is an action by parents to recover damages for the death of a minor child. At the time in question defendant was the owner of a lot on Main street in Old Forge Borough, which extended back from the street about one hundred and fifty feet, and on which he was erecting a large building. In the rear of the lot was an outside toilet which rested on a vault about twelve feet long, three and one-half feet wide and eight feet deep. About the first of February, 1913, defendant removed the toilet from the vault, so that the latter might be cleaned; and it so remained until the accident about three months later.

On the first of April of that year, plaintiffs, who had three small children, became tenants of the adjoining premises, which included a store, dwelling house and lot. The two lots were separated by a wall, except about fifteen feet at the rear end where there were some boards and a ladder in place of a fence. On the rear of plaintiffs' lot was a bowling ground and an outside toilet. There was no path leading from one lot to the other. The vault was about three and one-half feet from and at the surface about two feet above plaintiffs' lot.

The vault was unguarded and a protracted rainfall had caused it to fill with water to the depth of about seven feet. On the morning of April 28, 1913, plaintiffs' son aged six years disappeared, and the next day after an extended search his body was found in this vault. No one knew how he came there. It was not shown that this child or any child had ever been seen in defendant's yard or permitted to play there, or that the vault had been filled with water prior to the time of the accident, or that there was anything there to attract children. The child's mother testifies in effect that about ten days before the accident she told defendant it was a bad hole

and she feared her children while at play might fall in, and that he said she should keep them in the house. However, she could not have been much impressed with that for they searched twenty-four hours elsewhere for the child.

There is nothing in the facts to sustain a finding of negligence against the defendant. The vault was as lawful as an excavation for a cellar under like conditions. There was nothing to show that he knew it had become filled with water. It was an accident assuming that the child while strolling upon defendant's premises fell in the vault and was drowned. A citizen is not bound to maintain his property so that a person wandering thereon, whether adult or child, may not sustain injury. A mere excavation or vault at the rear end of a lot, although temporarily filled with water, is not of itself such a place of danger as to render the owner liable to a stranger who may thereby sustain injury.

While there may be some variation in our decisions as to the extent of a property owner's liability for injuries to a trespasser or licensee, none of them would justify a recovery in this case.

In Duffy v. Sable Iron Works, 210 Pa. 326, a recovery was sustained because the vat of hot grease, into which the child fell, was located in close proximity to a public street. And where children are permitted to use unsafe premises as playgrounds the proprietors thereof are held liable for resulting injuries: Henderson v. Continental Ref. Co., 219 Pa. 384; Walsh v. Pittsburgh Rys. Co., 221 Pa. 463; Millum v. Lehigh & Wilkes-Barre Coal Co., 225 Pa. 214; Counizzarri v. Philadelphia & Reading Ry. Co., 248 Pa. 474.

But in the case at bar the vault was remote from the street and not a place frequented by children or others; and under the circumstances the unfortunate occurrence gives rise to no legal liability: Gramlich v. Wurst, et al., 86 Pa. 74; Baltimore & Ohio R. R. Co. v. Schwindling,

101 Pa. 258; Rodgers v. Lees, 140 Pa. 475; Blackstone v. Penn Central Light & Power Co., 249 Pa. 519.

The court below rightly granted a nonsuit.

The assignment of error is overruled and the judgment is affirmed.