## Balser *v.* Young et al., Appellants.

*Negligence—Permissive use — Lumber pile — Children playing near—Injury caused by falling lumber—Case for jury.*

In an action to recover damages for the death of a minor child the case is for the jury and a verdict for the plaintiff will be sustained, where the evidence establishes the fact that the child was killed by the falling of heavy boards or planks from the pile of lumber which she was passing, while playing on the property of the defendant. Where there was evidence, although contradicted, that the lumber yard had been used as a playground by the children of

the neighborhood for a considerable number of years, the question was for the jury to determine whether or not the playground had been used with the permission and consent of the defendants.

Where the evidence establishes the fact that the deceased child had gone a short distance from her home to the defendant's yard, where she and other children of the neighborhood played after working hours, and that while passing a lumber pile, without any fault on her part, she was caught and crushed to death by heavy planks, which had been negligently and carelessly placed there by the defendants' workmen, the case was for the jury, and the court did not err in refusing to give binding instructions in favor of the defendant.

Argued May 1, 1919.   Appeal, No. 119, April T., 1919, by defendants, from judgment of C. P. Allegheny Co., July T., 1917, No. 1527, on verdict for plaintiffs in case of William Balser and Corinne Balser, his wife, v. George W. Young, Victor J. Schmitt and John L. Schmitt, partners trading as Young & Schmitt.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, WILLIAMS and KELLER, JJ.   Affirmed.

Trespass to recover damages for death of minor child. Before EVANS, J.

The circumstances of the accident are stated in the opinion of the Superior Court.

Verdict for plaintiff for $750 and judgment thereon. Defendants appealed.

*Errors assigned* were refusal to give binding instructions for the defendant and to enter judgment for defendant n. o. v.

*William C. McClure,* for appellants.

*Thomas L. Morris,* and with him *L. K.* and *S. G. Porter,* for appellees.

OPINION BY KELLER, J., July 17, 1919:

The assignments of error are confined to the court's refusal: (1) to give binding instructions in favor of the

504     BALSER *v.* YOUNG et al., Appellants.

defendants, and (2) to enter judgment in their favor non obstante veredicto, raising thereby but the single question, whether the case should have been submitted to the jury. No error is assigned to the charge of the court, and we are, therefore, not concerned with the alleged errors contained in it which are referred to in the appellants' argument, provided the case was one for the jury. In disposing of this question we are bound to consider the evidence from the point of view most favorable to the plaintiffs, for any conflict of testimony developed on the trial has been decided in their favor by the verdict.

The learned counsel for the appellants contends that the case should not have been submitted to the jury because, (1) there was no evidence of negligence on the part of the defendants, (2) the child was not on the defendants' premises at their invitation.

(1) The child was killed by six heavy boards or planks falling upon her from off a large lumber pile, while she was walking or running alongside. According to the testimony of the plaintiffs' witness, who was the only person who saw the accident, she was not climbing up the pile, or running on it, or doing anything to cause the lumber to fall. The boards had been thrown, not laid, on top of the pile the same day that the child was killed, by workmen of the defendants, who were loading lumber on a wagon and in this way disposed of the inferior pieces. In addition, the boards in this pile had no strips or crosspieces to tie or hold them together, although the defendants themselves testified that lumber of this character should be piled solid and stripped every eight or ten courses. The planks were of a size and weight sufficient to crush this child to death and to kill or seriously injure any person passing by upon whom they might fall from their elevated position, and if they were thrown carelessly and insecurely on top of the pile instead of being solidly laid, and if the pile was not stripped at all instead of being tied together every eight or ten courses, so that the boards were likely to topple off, it can scarcely be con-

tended that there was no evidence of negligence. It was for the jury to decide whether the testimony should be believed.

(2) It must be admitted that there was no evidence that the defendants had invited children to use this lot as a playground. The learned trial judge left it to the jury to find whether the yard had been so used with their permission and consent. There was evidence that it had. Witnesses testified that for twelve or fifteen years continuously prior to the accident the yard had been used as a playground by the children of the neighborhood, without objection on the part of the defendants. It was unenclosed and entirely open on three sides. One of the plaintiffs admitted that when workmen would come to the yard two or three times a week, to load or unload lumber, they would chase the children away, but in view of the other testimony, this might readily be understood by the jury to apply only during those operations and not to the use of the yard at other times or after working hours. The defendants denied that the yard had been used as a playground with their permission and consent and averred that everything in reason had been done to warn the public that children were not permitted to play there, but, as before stated, this conflict of testimony was for the jury.

The learned counsel for the appellants contends, however, that this was not sufficient; that it was necessary in order to hold the defendants responsible in this action, to prove an invitation on their part to use the yard as a playground; that a child there merely by the tacit permission or consent of the owners had no higher rights than a trespasser and could recover only for wanton or intentional injuries. A review of the decisions shows that in some of them, a licensee, or one who is on the premises of another, merely by sufferance or permission, is classed as respects injuries he may receive thereon, as a trespasser and without recourse against the owner, unless the injuries were wantonly or intentionally inflicted:

Gillis v. Penna. R. R. Co., 59 Pa. 129; B. & O. R. R. Co.
v. Schwindling, 101 Pa. 258; but this rule seems to have
been modified somewhat by the later decisions, at least so
far as children, in their permissive use of premises, are
concerned.

In Curtis v. DeCoursey, 176 Pa. 446, Mr. Justice FELL,
in speaking of mere licensees, said the owner of the yard
owed them no duty in respect to the safety of the prem-
ises, except as to "unexpected or secret dangers." In
Weaver v. Carnegie Steel Co., 223 Pa. 238, Mr. Justice
MOSCHZISKER said that licensees assumed ordinary risks
of getting hurt while upon the premises of the licensor
or host, but not extraordinary risks. In Hagan v. Dela-
ware River Steel Co., 240 Pa. 222, the same distinguished
jurist makes a distinction between a trespasser, who
takes all risk of injury except such as are wantonly or
intentionally inflicted, and a licensee, as to whom the
owner of premises may be liable for negligence (p. 227).
In Guilmartin v. Phila., 201 Pa. 518, where a boy ten
years old was hurt in an unfenced lot, used without ob-
jection as a playground, while he was climbing up a
rusty iron gate, which would have been safe if used in
the ordinary way, it was held that there could be no
recovery as the city was not required to anticipate or
guard against injuries to children which might result
from the improper use of objects safe in themselves, but
the whole reasoning of the opinion shows that the ruling
would have been otherwise if the gate had been so inse-
curely hung that it had fallen on the child of its own
weight, and without fault on his part, while he was play-
ing in the lot with the tacit consent of the city authori-
ties. In Henderson v. Refining Co., 219 Pa. 384, where
a child seven years old was killed by being caught in
dangerous machinery left unguarded in a lot used for a
common and permitted to be used as a playground for
children, it was held that he was not to be regarded as a
mere trespasser and that the defendant was liable for
its negligence. In Millum v. L. & W. Coal Co., 225 Pa.

214, it was decided that where the owner of property permits its use by the public as a common, or for a playground, it is his duty to use reasonable precaution to protect the public from the operation of dangerous machinery located thereon. The Supreme Court said: "Under such circumstances, a different duty is imposed upon the owner from that required of him towards those who are merely trespassers upon his property," and quoted with approval the language of Justice AGNEW in Kay v. Penna. R. R. Co., 65 Pa. 269, who pointed out that while ownership of ground carried with it the right to use it in the way most convenient and beneficial to the owners, yet "the case is altered when, by a license to others, they have devoted this ownership to a use involving their interests and their safety; and by sufferance permitted the public to enjoy a privilege of passage which might bring their persons into danger. Duties grow out of circumstances, the authorities tell us, and that which in one case would be an ordinary and proper use of one's rights, may, by a change of circumstances become negligence and a want of care." In O'Leary v. P. & L. E. R. R. Co., 248 Pa. 4, there was no contention that the defendant had invited children to use its yard as a playground; the plaintiffs' offer was to prove that it had been so used for fifteen years with the knowledge of the railroad authorities, and the Supreme Court held that the evidence should have been admitted. The evidence would not have been admissible if the child who had been killed through the negligence of the defendant in switching its cars, had no higher rights than a mere trespasser. In Counizzari v. P. & R. Ry. Co., 248 Pa. 474, it was held that a seven-year-old child who was injured while playing on a strip of ground belonging to the defendant and used by children as a playground for many years with the knowledge of the defendant, was not a mere trespasser and was entitled to signal or warning of the movement of cars. See also: D., L. & W. R. R. Co. v. Baltrushitis, 247 Fed. 474. In Selve v. Pilosi, 253 Pa. 571, Mr. Justice

508      BALSER *v.* YOUNG et al., Appellants.

WALLING said: "Where children are permitted to use unsafe premises as playgrounds the proprietors are held liable for resulting injuries," p. 574.  To the same effect, see: Walsh v. Pittsburgh Rys. Co., 221 Pa. 463, and Carr v. S. P. Traction Co., 253 Pa. 274.

It is said in Millum v. L. & W. Coal Co., supra, that the dividing line between the principle upon which Thompson v. B. & O. R. R. Co., 218 Pa. 444, was based and that upon which Henderson v. Refining Co., 219 Pa. 384, stands, may be a narrow one, but the distinction in principle may be readily traced.  Whether all the decisions can be reconciled with each other, is not certain; the pendulum swings pretty far in one direction and then back pretty far in the other.  But most of the apparent inconsistencies disappear when the facts of the several cases are inquired into.  As was said in Ruling Case Law, relative to a conflict of authority on a similar subject: "Liability is to be determined with reference to the facts of each case and the comparative knowledge of the parties as disclosed thereby.  It is a mistake to assert that there is any absolute rule or doctrine that must govern every case of injury from particular places or appliances, and with this in mind it is no more difficult to harmonize the class of cases in question than any other class that depends upon facts and the view taken thereof by judges and juries," vol. 20, p. 82.

The decisions of this State relied upon by the appellants were for the most part cases where the injured child was an absolute trespasser: Leithold v. P. & R. Ry. Co., 47 Pa. Superior Ct. 137; Rogers v. Lees, 140 Pa. 475; or where there was no negligence on the part of the defendant in the maintenance of his premises apart from the improper or unauthorized use by the child or some third person of the same, or of the appliance which caused the injury: Gillespie v. McGowan, 100 Pa. 144, B. & O. R. R. Co. v. Schwindling, 101 Pa. 258; Thompson v. B. & O. R. R. Co., 218 Pa. 444; Guilmartin v. Phila., 201 Pa. 518.  They would be controlling here if the boards had

been piled properly and securely and the child caused them to topple by attempting to climb up the pile or some similar act over which the defendants had no control, but they do not apply here. The little girl who was killed was not yet seven years old; she had come home from school a short while before and had gone out to bring home her younger sister. She went a short distance from her home into the defendants' yard, which she and the other children of the neighborhood were accustomed to use as a playground after working hours, and while passing the lumber pile, without fault on her part, was caught and crushed to death by heavy planks which had been negligently and insecurely placed there by the defendants' workmen. She was not, according to the finding of the jury, a trespasser, but was on the premises by the permission of the defendants and was entitled to be protected against the hidden danger lurking in the negligent and insecure piling of the lumber, a danger just as imminent and just as secret as in the case of dangerous machinery. The court below therefore did not err in refusing to give binding instructions in favor of the defendants or in discharging the rule for judgment non obstante veredicto.

The judgment is affirmed.