### Rahe et al., Appellants, v. Fidelity-Philadelphia Trust Company et al.

Argued March 27, 1935. Before FRAZER, C. J., SIMP-
SON, KEPHART, SCHAFFER, MAXEY and DREW, JJ.

*Charles G. Notari,* of *Marshall, Braun & Notari,* for ap-
pellants.

*Lawrence D. Blair,* of *Moorhead & Knox,* for appellees.

OPINION BY MR. JUSTICE DREW, April 22, 1935:

This action in trespass was brought by a minor through
his mother as next friend and by the mother in her own
behalf to recover damages for personal injuries to the
minor. The suit was against the owners of the building

in which the accident occurred, and they issued a writ of scire facias to bring in as additional defendant the renting agent in charge of the premises at the time of the accident. Prior to the trial the additional defendant died, and his executrix was substituted as a party in his place. At the conclusion of plaintiffs' testimony the learned trial judge granted defendants' motions for a compulsory nonsuit, and from the refusal of the court in banc to take it off plaintiffs appealed.

Viewing the testimony in the light most favorable to plaintiffs, as we are bound to do, we find that the minor, a boy five years of age, was severely injured while riding upon an electric freight elevator located in the rear of a vacant building owned by the original defendants. This building was a modern three-story brick structure which had been occupied until two months before the accident by a motor-car company in connection with its business of selling and servicing automobiles. The elevator was not visible from the outside of the building. A door was unlocked and open, and for a period of three or four weeks prior to the accident boys of the neighborhood had been going into the building and playing in it. It appears that a policeman, some three weeks before the date of the accident, finding the door of the building open, telephoned the renting agent and notified him of that fact. The record is entirely barren of anything to show that defendants had any knowledge of the use of the building by the children.

The contention of appellants is that these facts were sufficient to require that the case be submitted to the jury. With this we cannot agree. This child was a trespasser. The fact that he was of such tender years does not alter his status in this respect: Gillespie v. McGowan, 100 Pa. 144; Rodgers v. Lees, 140 Pa. 475; see Fitzpatrick v. Penfield, 267 Pa. 564. Ordinarily the owner's only duty to a trespasser is to refrain from wanton or wilful injury. That rule is based upon the recognition of the owner's privilege to ignore the probability that others

will trespass on his property and to disregard the fact that their safety will depend upon its condition. But appellants contend that this case falls within the "playground rule," which is an exception to the general rule. It is well settled that where an owner has knowledge or reason to believe that the premises are being used as a playground by children of tender years he is liable for injuries to such children caused by his failure to use ordinary care: Henderson v. Continental Ref. Co., 219 Pa. 384; Millum v. Lehigh & Wilkes-Barre Coal Co., 225 Pa. 214; Carr v. So. Pa. Traction Co., 253 Pa. 274; Costanza v. Pgh. Coal Co., 276 Pa. 90; Balser v. Young, 72 Pa. Superior Ct. 502. We are of opinion that the evidence produced was insufficient to bring the case within that doctrine. We have been unable to discover any case in this Commonwealth in which the rule has been extended beyond vacant lots and other open grounds. It has never, to our knowledge, been applied to a modern business building, in good repair and only recently vacated by the tenant. But even if the rule is to be applied to such a building, the testimony with respect to the time and scope of the use by the children was inadequate to charge the owner with notice. As we said in Fitzpatrick v. Penfield, supra, at page 572, "The amount of use that will bring otherwise private ground within the playground rule must depend to a large extent on the circumstances of each case. It may be said that the use contemplated is such as to cause the place to be generally known in the immediate vicinity as a recreation center, and its occupancy should be shown to be of such frequency as to impress it with the obligation of ordinary care on the part of the owner." The enjoyment must be sufficiently frequent and continuous to warrant regarding it as a playground. The case of Costanza v. Pgh. Coal Co., supra, relied upon by plaintiffs, was a case of this variety. There a child of five or six years was injured through contact with the uninsulated high-tension wires of an inadequately enclosed electric transformer located in a vacant

lot used by children of the surrounding residential district as a playground, and we held that the case was for the jury. The facts of that case are clearly not parallel to those of the case before us.

Defendants had no notice of the use that was being made of the property. Nor were they chargeable, under the circumstances, with negligence in not discovering it. The fact that a door had been open for some time and that knowledge of it had been brought home to the agent in no way acquainted them with the further fact that children were going into the building. It was not an old, dilapidated structure, neglected by its owner, but a large, modern building in good repair and only temporarily vacated. Under these circumstances, it was necessary for plaintiffs to show actual notice of the use of the building by the infant trespassers and the lapse of sufficient time after notice within which defendants could take steps to protect the premises from intruders: see O'Gara v. Phila. Electric Co., 244 Pa. 156.

Plaintiffs have also assigned as error the refusal of the learned trial judge to reopen the case and permit the recall of a witness who had previously testified in their behalf. This request was not made until after the conclusion of the arguments upon defendants' motions for a nonsuit. The matter was within the sound discretion of the trial court: see Buck v. McKeesport, 223 Pa. 211; Kefover v. Hustead, 294 Pa. 474. No abuse of that discretion has been shown.

Judgment affirmed.

Mr. Justice LINN did not participate in the decision of this case.