Martinez *v.* Pinkasiewicz, Appellant.

Argued April 26, 1935.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Joseph L. Pinkasiewicz,* for appellant.

*Morse J. Keller,* with him *Sam R. Keller,* for appellee.

OPINION BY PARKER, J., July 18, 1935:

The plaintiff has a judgment against the defendant in an action of trespass for damages on account of the death of his son, and the sole assignment of error is to the refusal of the defendant's motion for judgment n. o. v.

In the case of a motion for judgment n. o. v., the "testimony should not only be read in the light most advantageous to plaintiff, all conflicts therein being resolved in his favor, but he must be given the benefit of every fact and inference of fact pertaining to the issues involved which may reasonably be deduced from the evidence": Guilinger v. Penna. R. Co., 304 Pa. 140, 144, 155 A. 293. Such a review of the testimony demonstrates the correctness of the ruling of the court below. The plaintiff was, for several years, a tenant of the defendant in a tenement at the corner of White Street and Laurel Alley in the city of McKeesport. This building had been a double tenement and, at the time with which we are concerned, was occupied by four tenants, part known as 603½ by a bakery and by plaintiff and his family, and the other known as 605 by the other two tenants. On January 1, 1932, the plaintiff's minor son, then ten years of age, and two other boys were playing at the rear of the property, probably on lot 605, when a wall, constructed of stone and cement, fell and caused the death of the boy. The land in the rear of these two properties is not sep-

arated by a fence, is sloping, and two retaining walls had been constructed thereon. In the vicinity of the wall which collapsed there was a level space where, by direction of the landlord, the plaintiff was instructed to hang his washing. The children of the neighborhood for several years had used this level space as a playground, particularly to pitch horseshoes. Passing through the level space also there was an approach commonly used by the tenants and others in going to and from Laurel Alley to house number 603½.

Our first inquiry is as to the negligence of the defendant. It is true that the mere falling of the wall did not establish negligence on the part of the defendant: Fitzpatrick v. Penfield, 267 Pa. 564, 109 A. 653; but there was evidence tending to show that the "wall was in very poor condition; it was leaning and it was cracked." Another witness said that the cement was coming out and a stone would drop out once in a while; that the dirt was pushing out the stones several months before; and that the wall was leaning out toward the yard. It was also shown that one of the neighbors told a son of the defendant, who was doing work under the wall for his mother, that the wall was in dangerous condition and would fall, and at that time defendant was at the premises and looked at the wall. This condition had existed for a considerable time. This raised a question as to the defendant's negligence which was for the jury and was properly submitted to it.

The principal argument of the appellant is that the minor was a mere trespasser and defendant owed him no duty. It is well settled that an owner of land is not usually required to keep it in such safe condition as not to endanger those who trespass thereon: Selve v. Pilosi, 253 Pa. 571, 98 A. 723; Philadelphia & R. R. Co. v. Hummell, 44 Pa. 375; McFarland v. Martin, 90 Pa. Superior Ct. 151; but under the circumstances shown by the plaintiff, his child cannot fairly be re-

garded as a mere trespasser. Not only were tenants at 603½ and 605 using the level space next to the wall with the consent of the owner, but such land was really appurtenant to and a part of the curtilage. In addition, the ground was used as a playground by the children in the vicinity, and a path which led from 603½ to Laurel Alley passed close to the wall. These facts are almost identical with those existing in the case of Henderson v. Continental Refg. Co., 219 Pa. 384, 389, 68 A. 968.

"Where children are permitted to use unsafe premises as playgrounds the proprietors thereof are held liable for resulting injuries": Selve v. Pilosi, supra, p. 574; Balser v. Young, 72 Pa. Superior Ct. 502, 508. "Where one permits others to travel over his property on an established path, or roadway with full knowledge of such use and without objection, in doing so he is bound to see that no dangerous pitfalls are created; if he fails in this respect, the duty is placed upon him to give reasonable notice or warning to avoid injuring those in the habit of using the way. Under such circumstances a higher duty is imposed on him than on an owner toward those who are merely trespassers on his property:" John v. Reick-McJunkin Dairy Co., 281 Pa. 543, 546, 127 A. 143. Also, see Millum v. Lehigh & W. C. Co., 225 Pa. 214, 73 A. 1106. "Circumstances may beget duties which under ordinary circumstances cannot be implied, and when such circumstances are shown to exist, the question arising therefrom is not for the court, but for the jury:" Schilling v. Abernethy, 112 Pa. 437, 442, 3 A. 792. As was said by Chief Justice AGNEW in Hydraulic Works Co. v. Orr, 83 Pa. 332, 335: "Duties arise out of circumstances. Hence, where the owner has reason to apprehend danger, owing to the peculiar situation of his property and its openness to accident, the rule will vary."

Even granting, for the sake of argument, that the

facts here proven did not show the use of the ground by the children as a common playground, as that term is defined in the case of Fitzpatrick v. Penfield, supra, the facts do show a permissive use of the premises by the owner. In other words, the use of the ground by children in the neighborhood playing with the children of the tenant of the house is a fact to be taken into consideration in connection with the other facts, that the space adjoining the wall which collapsed was, in fact, appurtenant to the house used with the permission of the owner for the purpose of hanging clothes, and was adjacent to the path which was a usual exit from the property, all having a bearing on the permissive use of the property by authority of the owner. The court below carefully submitted to the jury the question whether there was a permissive use of the premises with the knowledge of the owner. This was not error.

Finally, the appellant suggests that the father was guilty of contributory negligence. This overlooks the fact, which distinguishes it from many other cases, that the father testified that he endeavored to keep the boys away from this wall. Anyone who is familiar with the habits of a ten-year-old boy must know that parents can neither pen them in the house nor control all their movements when they associate with companions of the same age. This was not the case of a child three or four years of age who would have little appreciation of danger. It was clearly for the jury to say under the circumstances whether the plaintiff was guilty of contributory negligence: Henderson v. Continental Refg. Co., supra.

We are all of the opinion that the case was correctly decided by the court below.

Judgment affirmed.