STANWOOD YOUNG *vs.* HENRY GODIN *d.b.a.* HENRY'S LAUNDRY.

JANUARY 9, 1948.

PRESENT: Flynn, C. J., Capotosto and Condon, JJ.

CONDON, J. This is an action of trespass on the case for negligence, which was tried before a justice of the superior court without a jury and resulted in a decision for the defendant. The case is here on plaintiff's exceptions to that decision and to the admission in evidence of a certain written lease executed by the plaintiff and his wife, Eleanor G. Young, as lessees of the defendant. Plaintiff prosecuted several other exceptions but since he has neither briefed nor argued them they are deemed to be waived. *Sullivan* v. *Caruso*, 68 R. I. 476.

Defendant is the owner of certain premises situated on Eddy street in the city of Providence whereon is a building in one part of which he conducts a laundry under the name of "Henry's Laundry." Plaintiff's wife rents a wing of this building from defendant and therein conducts a business on her own account. The entrance to the defendant's laundry is directly on Eddy street while Mrs. Young's place of business may be entered either through the laundry or through a door in the rear of the wing leading to a path between the laundry building and a diner on an adjacent lot.

On the afternoon of August 27, 1945 plaintiff entered the laundry from Eddy street to deliver "the family wash" and thereafter proceeded through the laundry to his wife's place of business where he left some shirts which were to be refinished. After performing that errand he left the building, by the rear door, accompanied by his wife. While walking along the path his progress was obstructed by an icebox and, in order to avoid it, he turned quickly off the path into some deep grass and thereupon twisted his left ankle.

Plaintiff alleged in his declaration that he was an invitee of the defendant who owed plaintiff the duty "to exercise due and reasonable care in maintaining said premises and especially the approaches to and from said premises"; that defendant neglected such duty by allowing an icebox to block the "path which was ordinarily used by customers in going to and from the defendant's place of business"; and that plaintiff, while in the exercise of due care, "was required to step off the path into a place of danger, to wit, uneven ground, and his left leg was severely twisted . . . ." Plaintiff and his wife testified in support of those allegations. Defendant did not introduce any witnesses but offered the above-mentioned lease as an exhibit, which was admitted over plaintiff's objection. Thereafter defendant rested.

[■] The lease was executed on September 14, 1945, about eighteen days after plaintiff's accident, and by it defendant demised to the plaintiff and his wife for a term commencing August 1, 1945 that part of the premises where Mrs. Young conducted her business. Whether or not such lease was relevant and therefore properly admitted as an exhibit is, in our opinion, of no consequence in the circumstances here. As far as the plaintiff was concerned, the only adverse effect to him of the admission of the lease as an exhibit was its tendency to show that he was a tenant and not an invitee of the defendant. However, the trial justice apparently did not decide the case on that ground. On the contrary, in announcing his decision from the bench he appears to have assumed that plaintiff was an invitee, but found that he had not proved his case by a fair preponderance of the evidence. If, therefore, it was error to admit the lease such error was harmless.

The real question here is whether the trial justice erred in finding that the plaintiff had failed to prove his case by a fair preponderance of the evidence. The evidence shows that defendant had been notified by Mrs. Young at about nine o'clock in the morning of August 27, 1945

that the icebox was blocking the path and that he told her he would remove it. It further appears that it was still there at 2:30 o'clock in the afternoon when she and the plaintiff left her place of business and walked along the path, and that they had to leave the path and walk in some deep grass in order to get around it.

Mrs. Young testified that while she walked safely around the icebox her husband, who was following her, did not do so. Plaintiff testified that in order to go around the icebox he took "what I would call a spring step. That is, I stretched my stride a little bit longer than normal." He further testified that in taking that stride, as he placed his left foot down in the deep grass he felt a twist in his ankle, and that it pained him so much he went into the diner to sit down. Later he and his wife examined the spot where he had put his foot down to see if anything was there that could have caused him to twist his ankle.

Plaintiff testified that all he saw at that time was "a rather tufted clotted type of ground. That is, it was rather an uneven surface with tufts of weedy structure." Mrs. Young testified that it was "Well, sort of a clump of dirt and a shallow space, just rough slippy ground covered with tall weeds about a foot high." This testimony is lacking in reasonable definiteness and certainty as to what caused the plaintiff to twist his ankle. Moreover it is manifestly self-contradictory as to the nature of the ground on which he stepped. Plaintiff's version is that it was a "tufted clotted type of ground", but Mrs. Young describes it as shallow and also rough and slippery.

It is impossible to say from such testimony that there was any particular defect in the ground that made it a place of danger and that such defect caused the plaintiff's mishap. The most that may be deduced from it, after resolving the contradictions, is that the ground was uneven but not to the actual or implied knowledge of the defendant nor to such an extent as to constitute a hidden danger to persons having to depart from the path because of the

icebox. Moreover, the evidence does not show that the unevenness of the ground caused plaintiff to twist his ankle. For all that the evidence shows it may well have appeared to the trial justice that the mishap resulted from the plaintiff's unusual spring step and change of stride which he took in order to go around the icebox.

We can only conjecture what it was that caused the accident, and therefore the plaintiff has not discharged the burden of proving his case. Also, he has failed to establish that the negligent act of defendant in allowing the icebox to obstruct the path so as to cause plaintiff to step in the alleged place of danger was the proximate cause of the accident.

Certain cases which he has cited in support of principles of law on which he relies are not in point on their facts with those in the case at bar. For example, in *John* v. *Reick-McJunkin Dairy Co.*, 281 Pa. 543, plaintiff was injured at night by falling into an unguarded excavation across a right of way. And in *Reddington* v. *Getchell*, 40 R. I. 463, there was evidence from which a jury could reasonably have found that defendant had impliedly permitted persons to cross his land as a public way, and that plaintiff's son while doing so after dark was killed by driving his automobile into an unguarded gully of which he was unaware. It is obvious that neither of those cases resembles the case at bar.

The general principles of law governing the rights and duties of an invitee and invitor respectively which plaintiff relies upon and discusses at length in his brief are not questioned here. Plaintiff simply has not adduced sufficient facts to prove that defendant, within the purview of those principles, was guilty of negligent conduct that was the proximate cause of plaintiff's accident. We are, therefore, of the opinion that the trial justice did not err in deciding that plaintiff had not proved his case by a fair preponderance of the evidence.

The plaintiff's exceptions are overruled, and the case is remitted to the superior court for the entry of judgment on the decision.

*Edward I. Friedman,* for plaintiff.

*Henry M. Boss, Francis W. Conlan,* for defendant.