## Federated Purchaser, Inc. v. Noti

Before Koch, P.J., and Backenstoe and Davison, J.J.

*Richard F. Stevens* and *Butz, Hudders & Tallman,* for plaintiff.

*George F. Keenan,* of *Sigmon, Littner, Ross & Keenan,* for defendant.

*William H. Platt,* of *Yarus & Platt,* for additional defendant.

DAVISON, J., April 30, 1974.—This matter is before the court en banc on plaintiff's motion to remove a compulsory nonsuit.

The evidence indicates that on February 17, 1968, one of plaintiff's automobiles, while lawfully and properly parked on its own premises, was damaged by the collapse of a wall being erected near that vehicle on defendant's adjoining premises. There were no eyewitnesses. Plaintiff's manager testified that while working in his office he heard a thundering noise, ran out into the parking lot and observed the automobile covered with what appeared to be the same type of cement blocks being used in the construction of the wall.

In support of its contention that the issue of negligence should have been submitted to the jury, plaintiff relies principally on Smith v. Bell Telephone Co., 397 Pa. 134, 153 A. 2d 477 (1959); Hampton v. S.S. Kresge Company, 224 Pa. Superior Ct. 543, 307 A. 2d 366 (1973); Dougherty v. Phila. R. T. Co., 257 Pa. 118, 101 Atl. 344 (1917); and, a recent decision emanating from Lehigh County, Paul v. Hess Bros., Inc., 226 Pa. Superior Ct. 92, 312 A. 2d 65 (1973).

In Smith v. Bell Telephone Co., supra, the trial judge entered a nonsuit in a homeowner's action against the telephone company to recover damages for the seepage of sewage into his basement which he believed to be due to the telephone company's negligent construction of an underground conduit near his home. In reversing the lower court and seemingly abandoning, in cases of circumstantial evidence, "the only reasonable inference rule" the court said:

"It is not necessary, under Pennsylvania law, that every fact or circumstance point unerringly to liabil-

ity; it is enough that there be sufficient facts for the jury to say reasonably that the preponderance favors liability. The judge cannot say as a matter of law which are facts and which are not unless they are admitted or the evidence is inherently incredible. . . . The facts are for the jury in any case whether based upon direct or circumstantial evidence where a reasonable conclusion can be arrived at which would place liability on the defendant. It is the duty of plaintiff to produce substantial evidence which, if believed, warrants the verdict he seeks. . . . Therefore, when a party who has the burden of proof relies upon circumstantial evidence and inferences reasonably deducible therefrom, such evidence, in order to prevail, must be adequate to establish the conclusion sought and must so preponderate in favor of that conclusion as to outweigh in the mind of the fact-finder any other evidence and reasonable inferences therefrom which are inconsistent therewith. This rule has been applied in substance in many cases. See Miller v. Hickey, 368 Pa. 317, 81 A. 2d 910; Rockey v. Ernest, 367 Pa. 538, 541, 80 A. 2d 783; Turek v. Pennsylvania R.R. Co., 361 Pa. 512, 64 A. 2d 779; Randolph v. Campbell, 360 Pa. 453, 62 A. 2d 60."

Hampton and Hess Bros., involved *inside* accidents, where the trial judge entered nonsuits in cases of falling objects in department stores, and the decisions were overturned on appeal. In Hess Bros., the plaintiff, while examining dresses displayed on a counter or table, was injured when she was struck by a mannequin standing on the same counter which fell on her. After specifically observing that neither res ipsa loquitur nor the doctrine of exclusive control applied, the court then declared, "that the totality of the facts and circumstances amount to some evidence of negligence which, however slight, was suffi-

cient to take this case to the jury." The following language of the court itself indicates, however, that its holding was intended to be limited to that group of cases involving falling objects, usually, but not necessarily, articles for sale:

"As the Supreme Court said in cases of falling objects, usually articles for sale, 'the proof necessary to establish negligence under the circumstances need be very slight.' Stewart v. Morow, supra, [403 Pa.] at page 462 [170 A. 2d at page 340]. Mannequins and advertising signs located in a store do not usually fall unless negligently placed and improperly inspected."

Defendants, on the other hand, stand firm on the correctness of the entry of the nonsuit by the trial judge and rely on a cluster of cases involving falling or collapsing walls, including Pieckowicz v. Oliver Iron & Steel Co., 351 Pa. 209, 40 A. 2d 416 (1944); and, Doerr et al. v. Rand's, 340 Pa. 183, 16 A. 2d 377 (1940). Doerr was an action for injuries inflicted by a falling strip of vitrolite glass which had formed a part of the facing of a building some 15 feet above the pavement which fell and allegedly struck plaintiff. Pieckowicz v. Oliver Iron & Steel Co., supra, involved the collapse of a wall more than 25 years old. Neither case involved the falling or collapse of a wall *in the process of being erected.*

In litigation involving *outside* falling objects generally, the court recognized as early as Dougherty v. Phila. R. T. Co., supra, called to our attention by plaintiff, that the case was properly for the jury where a pedestrian was suddenly struck and knocked down by a detached trolley pole which fell from the top of one of defendant's trolley cars. In rejecting res ipsa loquitur and the doctrine of exclusive control, it nonetheless observed:

"While, before the plaintiff can recover, she must show how the accident happened and fix the defendant with negligence, yet, in so doing, she is not restricted to direct evidence; she may make her case out by circumstantial proofs sufficiently strong to carry conviction to a reasonable mind. As already indicated, we feel that certain parts of the testimony offered should have been allowed as evidence, and that the issues heretofore suggested should have been submitted to the jurors for their determination. In addition to the authorities already cited, see Caffrey v. Philadelphia Rapid Transit Co., 249 Pa. 364; Janock v. Balto. & Ohio R.R. Co., 252 Pa. 199."

Three subsequent decisions uncovered by our own research support plaintiff's right to go to the jury. In Fortunato v. Shenango Limestone Co., 278 Pa. 499 (1924), 123 Atl. 482, a young boy was killed by the falling on his person of an insecure wall left standing after a fire. There, as in the instant case, the person who suffered the loss had the prerogative to be where he was at the time in question. Then, in Martinez v. Pinkasiewicz, 118 Pa. Superior Ct. 200, 180 Atl. 153 (1935), the Superior Court affirmed the lower court's refusal of defendant's motion for judgment n.o.v., where plaintiff's decedent, playing where he had every right to be, was killed when defendant's stone and cement wall fell on him.

Plaintiff was injured when the wall of defendant's building, constructed of brick, mortar and plaster caved in on top of her in Paulscak v. Hoebler, 330 Pa. 184, 198 Atl. 644 (1938). The evidence indicated that prior to the occurrence, a large billboard and electric motor had been placed on top of the building which, it was alleged, caused a vibration of the building, the loosening of its foundation and walls and the ultimate crumbling of the wall which fell upon plaintiff. The court pointed out that elementary caution

requires that those working on buildings must take due care that there is adequate support. In view of what happened there, and here, a jury could conclude that there is a preponderance of evidence tending to show that the support was inadequate.

In yet another wall-falling case, Fitzpatrick v. Penfield, 267 Pa. 564, 109 Atl. 653 (1920), the court said:

"Had the wall been along the street, there is no question a definite duty would have been established, but the rule even as to streets does not make the owner of the premises an insurer; he is liable only for want of ordinary care and skill: 1 Thompson on Negligence (2d ed.), sec. 1056; 20 R.C.L., sec. 68, p. 77; 29 Cyc., pp. 465, 468. The wall did not face the street, it adjoined private property. So far as an adjoining owner is concerned, it is the duty of the owner upon whose land something is erected, which has become dangerous because of a conflagration, to take ordinary precautions so that no injury shall befall the adjoining owner, his property, or persons rightfully thereon. If he neglects this duty, and injury results, liability follows. The duty is alike under all circumstances where a right exists in another to use ordinary care to guard against the falling of a wall injured by fire: 1 Corpus Juris, sec. 27, p. 1211, and notes 95 and 96; 1 Thompson on Negligence (2d ed.), sec. 1060, p. 967. The governing principle in such cases is more frequently applied to nuisance than to negligence; it is that one must so use his own property as not to injure that of his neighbor."

The evidence of negligence is not overwhelming. Yet, we are satisfied that there is enough evidence, on balance, particularly since Smith v. Bell Telephone Co., supra, and subsequent appellate decisions, to merit submission of the legal issues to the jury.

## ORDER

Now, April 30, 1974, it is ordered that plaintiff's motion to remove the compulsory nonsuit be and the same is hereby granted, and a new trial, upon the praecipe of any of the parties, may hereafter be scheduled.