STINA JOHNSON v. ANDREW JOHNSON ET AL.

*Liquor traffic—Sale to husband—Civil action—Damages.*

Where, in a suit by a wife to recover for injuries to her means
of support sustained by reason of the sale of intoxicating
liquor to her husband after the defendant had been served
with notice not to sell to him, there is evidence from which
it is competent for the jury to find that plaintiff's husband
commenced a protracted, continuous debauch on a given day
by drinking at the defendant's saloon, and that his spree
lasted for a given period, and the jury do so find, the defend-
ant is liable for all damages resulting therefrom.

Error to Manistee. (Judkins, J.) Submitted on briefs
April 12, 1894. Decided May 18, 1894.

Case. Defendants bring error. Affirmed. The facts
are stated in the opinion.

*Dovel & Smith,* for appellants.

*Smurthwaite & Fowler,* for plaintiff.

HOOKER, J. Defendants appeal from a judgment of
$200, rendered in an action based upon sales of intoxicat-
ing liquor to plaintiff's husband, who was a painter by
trade. He was a temperate man, but acquired a taste for
liquor through its use for a medicine,—it having been
prescribed by a physician,—and plaintiff found it necessary
to serve notice upon saloon keepers not to sell to him.
On July 23 and 24 he bought some liquor of defendant
Johnson, and became intoxicated. There is evidence that
he continued under the influence of liquor until August 9,
when he was arrested and put in jail for drunkenness.
Plaintiff thereupon brought this action against defendant
Johnson and his bondsmen.

We cannot accede to the proposition that a verdict should have been directed against the plaintiff upon the evidence. There is testimony tending to show sales on the two days mentioned, and that during the period of his intoxication the plaintiff was injured in her means of support. It was therefore a case for the jury.

Defendants' counsel contend that the court should not have permitted the jury to award damages except as they were traceable to the sales of July 23 and 24, and claim that the effect of the liquor purchased upon those days from the defendant Johnson must, of necessity, have soon passed away, and that the defendants ought not to be held for the consequences of sales subsequently made by others. The theory upon which the plaintiff proceeded was that her husband was continuously drunk from the time when the liquor was sold to him upon the 23d, until his arrest, and that such condition was caused or contributed to by each drink that he took. There was evidence from which it was competent for the jury to find that plaintiff's husband commenced a protracted debauch on the 23d and 24th of July, by drinking at the defendant's saloon, and that his spree lasted until August 9. If they did so find, all whose sales of liquor contributed to such continuous intoxication were liable for all injuries resulting from such intoxication after the respective sales. Black, Intox. Liq. § 299. As the jury may have found that the debauch was continuous, and that defendant Johnson's sale was at its beginning, defendants were liable for all damages resulting therefrom. It follows that the court was right in refusing to direct a verdict for the defendants.

As all of the questions discussed in the brief of counsel for the defendants are based upon this question, it is unnecessary to allude to them.

It is said by counsel that the court allowed the jury to find damages for sales from March 1 to the time of the

arrest, in August. On the contrary, the court distinctly limited the recovery to the debauch beginning July 23.

Judgment affirmed.

The other Justices concurred.