FRANKLIN v. FREY.

INTOXICATING LIQUORS—CIVIL-DAMAGE LAW—ACTION ON BOND—
JOINDER OF PARTIES DEFENDANT.

> Under 3 How. Stat. § 2283e3, being section 20 of the liquor
> law of 1887, giving to one injured by reason of the intoxi-
> cation of another a right of action against any person or
> persons who by furnishing any liquors shall have contributed
> to the injury, and further providing that the principal and
> sureties to the bond mentioned in the act shall be liable sev-
> erally and jointly with the person or persons so furnishing
> any such liquors, the principals and sureties upon the bonds
> of several liquor dealers may be joined in a single action.

Error to Washtenaw; Kinne, J. Submitted June 6,
1895. Decided July 2, 1895.

Case by Jennie Franklin against Henry Frey and
others under the civil-damage act. From a judgment for
defendants on demurrer, plaintiff brings error. Reversed.

*F. J. Riggs* and *Lehman Bros.*, for appellant.

*G. W. Turnbull* (*A. J. Sawyer*, of counsel), for appellees.

MONTGOMERY, J. This is an action brought against two
saloon-keepers and their bondsmen, jointly, for the
recovery of damages resulting from the sale of liquor to
the brother of the plaintiff, upon whom plaintiff had
relied for support, resulting in the intoxication of the
deceased, by means of which he became unconscious, and
died from the effects of exposure induced by such intoxi-
cation. The case was disposed of by the court below on
demurrer, and the single question presented for our con-
sideration is whether, under our statute, two different
saloon-keepers, and the bondsmen of each, may be joined
in one action.

The statute is section 2283e3, 3 How. Stat., and, so far
as material to this question, reads as follows:

"Every wife, child, parent, guardian, husband, or other person who shall be injured in person or property or means of support or otherwise by any intoxicated person, or by reason of the intoxication of any person, or by reason of the selling, giving, or furnishing any spirituous, intoxicating, fermented, or malt liquors to any person, shall have a right of action in his or her own name against any person or persons who shall, by selling or giving any intoxicating or malt liquor, have caused or contributed to the intoxication of such person or persons, or who have caused or contributed to such injury, and the principal and sureties to the bond hereinbefore mentioned shall be liable severally and jointly with the person or persons so selling, giving, or furnishing any spirituous, intoxicating, or malt liquors, as aforesaid."

The succeeding section provides that the damages recoverable may be recovered in an action on the case before any court of competent jurisdiction.

We have held that under this section it is proper to join the bondsman with the principal. See *Anthony* v. *Krcy*, 70 Mich. 629; *Doty* v. *Postal*, 87 Mich. 143. But the question of whether it is proper to join the bondsmen of two defendant dealers has never been determined by this court. The language of the statute, while not as plain as that adopted in some of the States, is very broad, and it provides that "the principal and sureties to the bond shall be liable severally and jointly with the person or persons so selling, giving, or furnishing any spirituous, intoxicating, or malt liquors, as aforesaid." It is contended that the latter provision should be held to apply to sales made by persons in privity with the principal of the bond,—the clerks, servants, or agents mentioned in the statute; but we think it is open to the construction contended for by the plaintiff, namely, that the sureties are liable, jointly and severally, with any person or persons whose sales contribute to the injury in part traceable to sales made by each.

The statute of Nebraska is not as broad as ours. Section 15 of chapter 50 of the Compiled Statutes of

Nebraska provides: "Said damages and expenses may be recovered in any court of competent jurisdiction by any civil action on the bond named and required in section 6." There is no express declaration that the parties shall be liable jointly or severally, but.there is the implication in section 18 that those who are responsible for or contribute to the injury shall be liable in this respect. The language of our statute is more clear and distinct, it providing that the action may be maintained "against any person or persons who shall, by selling or giving any intoxicating or malt liquor, have caused or contributed to the intoxication," etc. Under the Nebraska statute it was held, in *Wardell* v. *McConnell*, 23 Neb. 152, that the principals and sureties on several bonds might be joined in a single action.

It is a general rule of the common law that all who are liable for the same tort may be joined, and while this rule does not, in the absence of statute, apply to those indirectly liable, as in the case of sureties on bonds, the statute is broad enough to modify the common-law rule in that regard. The rule is laid down as a general one, in Black on Intoxicating Liquors, that where several persons, by selling or furnishing liquor, contribute to an intoxication which results in actionable injuries under the civil-damage law, their responsibility is that of joint tort-feasors. See Black, Intox. Liq. § 299.

Our conclusion is that the parties were properly joined in this action. The circuit judge was of the contrary opinion, and sustained the demurrer.

Judgment will be reversed, with costs, and case remanded, with leave to defendants to plead under the rule.

The other Justices concurred.