JEWELL v. WELCH.[1]

117   65
e157  283

CIVIL-DAMAGE ACT—SEPARATE TORTS—RELEASE.

  While persons who contribute by sales of liquor to an intoxica-
  tion are, under the statute (3 How. Stat. § 2283e3), jointly
  and severally liable for injuries resulting therefrom, a settle-
  ment with one liquor seller for intoxication induced during a
  certain period does not preclude a recovery from another seller
  for intoxication induced during the same period, where the
  sales were separate and distinct, each producing intoxication
  to which the other in no way contributed.

  Error to Ionia; Davis, J. Submitted April 8, 1898.
Decided May 17, 1898.

  Case by George E. Jewell against Patrick Welch, a
saloon keeper, and Herbert Babcock and Andrew Haber-
stumpf, his bondsmen, under the civil-damage act. From
a judgment for defendants on verdict directed by the
court, plaintiff brings error. Reversed.

  *McGarry & Nichols*, for appellant.

  *Chaddock & Scully*, for appellees.

  MONTGOMERY, J. This action is brought against the
defendant Welch and his bondsmen to recover damages
for selling liquor to the plaintiff's minor son, Glenn
Jewell. The declaration counts on sales on the 7th of
January, 1896, on the 1st of July, 1895, and on divers
other days and dates, too numerous to mention, since May
1, 1895. The defense showed on the trial that the plain-
tiff had previously brought an action against one Andrew
Flegler and his bondsmen, counting on sales of liquor to
his son on the 1st of May, 1895, on the 7th of January,

_____

[1] Rehearing denied June 28, 1898.

    117 MICH.—5.

1896, and on divers other days and dates; and further showed that, after this action was brought, a settlement was made between plaintiff and Flegler, Flegler paying plaintiff a sum of money in satisfaction of the injuries sustained. These facts were all conceded, but plaintiff's counsel stated that he proposed to show that at one date alleged in the present declaration, and at other dates, the plaintiff's minor son became intoxicated in the saloon of Patrick Welch, and that such intoxication was distinct and separate from any intoxication induced by liquors received from Mr. Flegler, or any one else. The circuit judge, being of the opinion that the settlement with Flegler was a bar to the plaintiff's action, directed a verdict for the defendants.

It is the general rule that a release to one of several joint tort feasors discharges all. Under the statute (section 2283e3, 3 How. Stat.) the parties who contribute by sales of intoxicating liquors to an intoxication are jointly and severally liable (*Franklin* v. *Frey,* 106 Mich. 76; *Johnson* v. *Johnson,* 100 Mich. 326); but this court has never held that, where the acts are separate and distinct, one having no connection with the other, the parties can be held jointly liable. The furthest that the court has gone in this direction was in the case of *Johnson* v. *Johnson, supra,* where the plaintiff's husband commenced a protracted debauch on the 23d or 24th of July, and his spree lasted until August 9th, and it was held that it was competent for the court to award damages against all those whose sales contributed to this continuous intoxication. But under the proposition stated by plaintiff's counsel to show separate and distinct sales by the defendant, producing intoxication, to which intoxication Flegler in no way contributed, the plaintiff is entitled to recover, unless it is conclusive that the matter settled with Flegler was that which was set out in the declaration. It is to be borne in mind that the defendants were not parties to the Flegler suit, and are in no way concerned in the pleadings, except that, as the law does not permit two satisfactions for the same wrong, defend-

ants are entitled to set up this satisfaction if it in fact covers the same cause of action for which defendants are sued, and to the extent to which the causes of action are identical it is a complete defense.    But it is held that, if the causes of action in two distinct suits brought against different defendants are in fact distinct, although the declarations are identical in form, the acceptance by the plaintiff of a sum of money in satisfaction and discharge of the cause of action in one suit will be no defense in the other.    *Miller* v. *Patterson*, 31 Ohio St. 419; *Jewett* v. *Wanshura*, 43 Iowa, 574.    If the plaintiff had shown the facts claimed to exist, he would have shown that, as to the particular sales named, the parties were not joint tort feasors.    Defendants' counsel rely on *Aldrich* v. *Parnell*, 147 Mass. 409.    The rule in that case is not inconsistent with the views here expressed.    To show the precise point decided in that case, we quote from the statement of the court:

"The instructions to the jury assumed that the defendant and Gabb and the proprietor of the Mansion House might all have contributed to the intoxication, for which damages might be assessed, and it was ruled that a settlement with one of them would not operate as a release to this defendant, nor bar the present action."

The supreme court disapproved this instruction, and held that the statute did not authorize the plaintiff to multiply her damages; that, whenever she has received satisfaction for damages sustained by her, her right to recover is gone.    So in this case, to the extent that the plaintiff has received satisfaction, his right to recover is gone; but, if the plaintiff is able to show distinct transactions with which Flegler had no connection, and out of which a liability arose to plaintiff, he would be entitled to recover.

Judgment reversed, and a new trial ordered.

The other Justices concurred.