MARY HEDLUND *et al.* Appellants, *vs.* OSCAR GEYER *et al.*
Appellees.

*Opinion filed June 18, 1908.*

DRAM-SHOPS—*tenant of one building and owner of another may
be joined in one suit—pleading.* In an action under section 9 of the
Dram-shop act for injury to means of support it is proper to join
as defendants the occupant of one building and the owners of other
buildings, but the latter cannot be held liable unless it is proved that
the occupants of their buildings sold or gave away liquors which,
in whole or in part, caused the intoxication complained of.

APPEAL from the Branch Appellate Court for the First
District;—heard in that court on appeal from the Circuit
Court of Cook county; the Hon. G. A. CARPENTER, Judge,
presiding.

This suit was brought by appellants, minor children of
John Hedlund, under section 9 of the Dram-shop act, for
injury to their means of support caused by intoxication
of their father. The original defendants to the suit were
Oscar Geyer and Ernest Thoren, who were partners, and
Louis Lundquist. Subsequently Thoren and Lundquist
died. An amended declaration was filed making appellees
Uihlein and the Schlitz Brewing Company defendants with
Geyer. The amended declaration charged that Uihlein and
the Schlitz Brewing Company owned, rented, leased or per-
mitted the occupation of certain saloons or dram-shops on
premises other than those occupied by Geyer; that they
had knowledge that intoxicating liquors were to be sold
therein, and knowingly permitted their tenants in the said
buildings to sell and give intoxicating liquors, which caused
the intoxication, in whole or in part, of said John Hedlund.
It will be seen from the allegations of the declaration that
Uihlein and the Schlitz Brewing Company did not own the
building occupied by Geyer, neither are their tenants made
parties defendant, but they are charged with a liability

as owners of property wherein intoxicating liquors were knowingly permitted to be sold. The defendants demurred to the declaration, setting up, among other causes for demurrer, that "the allegations in said declaration are wholly insufficient to establish any joint liability between the defendant Geyer and defendants Uihlein and Joseph Schlitz Brewing Company." Counsel for appellees say this is the only ground of demurrer argued and that upon that ground the demurrer was sustained. Appellants elected to stand by their declaration, and judgment was rendered against them and in favor of appellees for costs. From that judgment they appealed to the Appellate Court, where the judgment of the circuit court was affirmed, and they have prosecuted a further appeal to this court.

CARL A. ROSS, (EDWIN WHITE MOORE, of counsel,) for appellants.

LACKNER, BUTZ & MILLER, and M. R. HARRIS, (JOHN J. SWENIE, of counsel,) for appellees.

Mr. JUSTICE FARMER delivered the opinion of the court:

The only question argued in the briefs of counsel in this court is the right to join appellees Uihlein and the Schlitz Brewing Company, owners of buildings wherein intoxicating liquors were knowingly permitted to be sold, with appellee Geyer, whose business was transacted in a building not owned by Uihlein and the Schlitz Brewing Company. The statute makes all persons liable to the injured party who by selling or giving intoxicating liquors have caused the intoxication in whole or in part, and authorizes the action to be brought severally or jointly against all such parties. It has never been questioned that all the parties who caused the intoxication, in whole or in part, by selling or giving the intoxicating liquors, may properly be joined in one suit. No other construction could be given

the language of the statute.  The second clause of section 9 provides that "any person owning, renting, leasing or permitting the occupation of any building or premises, and having knowledge that intoxicating liquors are to be sold therein, or who having leased the same for other purposes, shall knowingly permit therein the sale of any intoxicating liquors that have caused, in whole or in part, the intoxication of any person, shall be liable severally, or jointly with the person or persons selling or giving intoxicating liquors aforesaid, for all damages sustained and for exemplary damages."  There could be no question of the right to join a seller of intoxicating liquors and the owner of the building in which they were sold in one suit under this act.  As we have said, the contention of appellees is that the owner of a building cannot be joined with the occupant of another building.  As we read and understand this statute, it authorizes joining in one suit all persons, whether the sellers of the intoxicating liquors or the owners of the buildings in which they are sold, for the liability created by the act.  The mere joining them in one suit does not authorize a recovery against all unless their liability is established by the proof.  The right to join two or more sellers of intoxicating liquors with two or more owners of different buildings in which intoxicating liquors are charged to be sold is merely a question of pleading and not one of liability to respond in damages.  One dram-shop keeper may be sued with any number of others, but a recovery can be had only against those who are proven to have caused the intoxication, in whole or in part, by the selling or giving of intoxicating liquors.  If the occupant of a building and its owner are sued jointly, which appellees concede the statute authorizes, a recovery is dependent upon proof of the fact that the occupant sold or gave intoxicating liquors which, in whole or in part, caused the intoxication complained of.  To establish the liability of the owner of a building it is necessary to prove the guilt of the occupant.

This court held in *Wanack* v. *Michels*, 215 Ill. 87, that the liability of the owner of the building was not upon the ground that he was in any sense a surety for the occupant, but is upon the ground that he is a joint wrongdoer with the occupant and is separately liable for the acts of the occupant. No matter how many owners and occupants of buildings are joined in one suit, the same proof is required to establish the guilt of each defendant as if each had been sued separately. The first clause of the statute creates the liability of the persons who, in whole or in part, cause the intoxication by selling or giving intoxicating liquors, and authorizes such persons to be sued jointly or severally. The second clause makes the owner of the building liable, jointly or severally, with the occupant, and we see nothing in the act which can by any fair interpretation be construed to mean that the owner can only be joined with the occupant of his building. No matter how many persons shall have caused, in whole or· in part, the intoxication by giving or selling intoxicating liquors, suit may be brought against all of them in one action or against any one of them, or separate suits may be brought against each; and the same is true where it is sought to recover from the owners of the building. In either case, whether the owner is sued separately or with the occupant of his building only, or with other owners and occupants, the liability is to be established in the same way and by the same ·character and quantum of proof. While the question here raised is not referred to in the opinion of the court in *Schroder* v. *Crawford*, 94 Ill. 357, in that case the owner of one building was joined with a dram-shop keeper occupying another building, and a judgment against them was sustained.

The Michigan statute gives a right of action against any person or persons causing or contributing to the intoxication by the sale or gift of intoxicating liquors, and provides that "the principal and sureties to the bond hereinbefore mentioned shall be liable, severally and jointly,

with the person or persons so selling, giving or furnishing
any spirituous, intoxicating or malt liquors, as aforesaid."
In construing this statute the Supreme Court of the State
of Michigan, in *Franklin* v. *Frey*, 106 Mich. 76, said:
"The language of the statute, while not as plain as that
adopted in some of the States, is very broad, and it pro-
vides that 'the principal and sureties of the bond shall be
liable, severally and jointly, with the person or persons so
selling or giving any spirituous, intoxicating or malt li-
quors, as aforesaid.' It is contended that the latter provi-
sion should be held to apply to sales made by persons in
privity with the principal of the bond,—the clerk, servants
or agents mentioned in the statute; but we think it is open
to the construction contended for by the plaintiff, namely,
that the sureties are liable, jointly and severally, with any
person or persons whose sales contribute to the injury in
part traceable to sales made by each."

The Nebraska statute makes a dram-shop keeper liable
to a married woman for all damages resulting from sell-
ing to the husband intoxicating liquors. It also authorizes
suit on the bond of the seller to recover the damages. An-
other section of the statute provides that in an action by
a married woman for injury to her means of support, re-
sulting from the sale to the husband of intoxicating liquors,
it is only necessary to prove that the defendant gave or sold
liquors to the person disqualified during the period of such
disqualification. Under that statute the Supreme Court of
the State of Nebraska held in *Wardell* v. *McConnell*, 23
Neb. 152, that a sale to the husband in any year of the
three years the jury found the husband was disqualified,
made the seller liable for the damages sustained by plain-
tiff throughout the said period of three years, and his sure-
ties were equally liable with him. The Supreme Court
said: "This being true, not only the principals, but with
them their sureties, would be liable for the whole damage,
without reference to its duration. The liability of the prin-

cipals is joint and several. They may be sued jointly or singly. * * * The obligation of the principals being joint, it must necessarily follow that the obligation of the sureties is equally so, so long as the principals contribute to the injury complained of in plaintiffs' petition." The court held that the statute authorized joining principals and sureties on bonds executed in different years.

It will be seen the Michigan statute is substantially like ours, while the Nebraska statute is much less comprehensive. In both States it was held that all parties made liable by the act could be joined in one suit. It is not extending the liability of appellees Uihlein and the Schlitz Brewing Company to hold that they may be joined in the suit with appellee Geyer. They can no more be held responsible for Geyer's acts when sued jointly with him than they could be if they had been sued separately. If, as contended for by counsel, the tenants of Uihlein and the Schlitz Brewing Company may have been law-abiding citizens and may not have caused or contributed to the intoxication complained of, they are placed under no greater disadvantages in availing themselves of their defense than they would be if they had been sued separately or had been joined only with the occupant of their respective buildings. No amount of proof that Geyer caused or contributed to the intoxication could make them liable. Their liability can only be established by proof that their tenants caused or contributed to the intoxication.

In our opinion the circuit court erred in sustaining the demurrer and the Appellate Court erred in affirming its judgment. Accordingly the judgments of the Appellate and circuit courts are reversed and the cause remanded to the circuit court, with directions to overrule the demurrer.

*Reversed and remanded, with directions.*