## Carr *v.* Southern Pennsylvania Traction Company, Appellant.

*Negligence—Attractive nuisance—Infants—Fires—Vacant lot—Use as playground—Case for jury.*

In an action against the owner of a vacant lot to recover damages for injuries to a four-year-old child sustained by fire communicated to her clothing from burning rubbish, the case is for the jury, and a verdict for plaintiff will be sustained, where it appears that children and defendant's employees, were accustomed to play on the lot, that a pit located near a driveway leading into the premises and within twelve feet of the sidewalk was used by the defendant for burning rubbish; and that while plaintiff was standing near the pit, the fire, which had been left unattended, was communicated to plaintiff's clothing and caused the injuries of which complaint was made.

Argued Feb. 7, 1916. Appeal, No. 43, Jan. T., 1915, by defendant, from judgment of C. P. Delaware Co., June T., 1913, No. 167, on verdict for plaintiff, in case of Mary Carr, by her father and next friend Enos F. Carr, v. Southern Pennsylvania Traction Company. Before MESTREZAT, POTTER, STEWART, FRAZER and WALLING, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before JOHNSON, P. J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $1,800 and judgment thereon. Defendant appealed.

*Errors assigned* were in refusing to direct a verdict for defendant and in refusing to enter judgment for defendant n. o. v.

*John B. Hannum,* for appellant.—The defendant was not negligent: Thompson v. Baltimore & Ohio R. R. Co., 218 Pa. 444; Saar v. American Glass Specialty Co., 55 Pa. Superior Ct. 282.

*Joseph H. Hinkson* and *J. DeHaven Ledward,* for appellees.—Where a property owner permits the use of his lot as a playground for children, it is his duty to use reasonable precautions to protect the children from any dangers thereupon: Millum v. Lehigh & Wilkes-Barre Coal Co., 225 Pa. 214; Henderson v. Continental Refining Co., 219 Pa. 384; O'Leary v. Pittsburgh & Lake Erie R. R. Co., 248 Pa. 4; Francis v. Balto. & Ohio R. R. Co., 247 Pa. 425.

The dangerous condition was so close to the sidewalk as to be a source of danger to persons walking thereon: Duffy v. Sable Iron Works, 210 Pa. 326; Rachmel v. Clark, 205 Pa. 314; Kreiner v. Straubmuller, 30 Pa. Superior Ct. 609; Weida v. Hanover Township, 30 Pa. Superior Ct. 424; Philadelphia Hydraulic Works Co. v. Orr, et ux., 83 Pa. 332; Ross v. Chester Traction Co., 224 Pa. 86; Daltry v. Media Electric Light, Heat & Power Co., 208 Pa. 403; Henderson v. Continental Refining Co., 219 Pa. 384.

OPINION BY MR. JUSTICE POTTER, April 17, 1916:

The single cause of complaint upon the part of appellant in this case is the refusal by the court below to give

binding instructions in favor of defendant. It was charged with negligence in permitting its employees to build a fire upon its premises, and in permitting the fire to remain unguarded, with the result that a young child came in from the nearby street and was apparently attracted to the fire, and was severely burned. It appears from the record that at the trial the plaintiff offered evidence tending to show that defendant owned a vacant lot of ground adjacent to its car barn, and extending along Fourteenth street in the City of Chester; that prior to the accident in question the lot had at times been used by the children of the neighborhood as a playground, and that it was sometimes used by defendant's employees for that purpose, and that they at times amused themselves by playing ball there with the children. A hedge ran along the lot on Fourteenth street, and through the hedge was an opening for a driveway; at that point the hedge turned in for a short distance. Near the corner formed by the turn of the hedge, a shallow pit was located, which was used by defendant's employees for burning rubbish and waste material. The pit was situated within twelve feet of the sidewalk, and was only a few feet from the driveway. There was testimony tending to show that there were openings in the hedge near the pit, and that access could readily be had to the pit by passing in at the driveway and going a short distance around the end of the turned in portion of the hedge. It further appeared that it was customary for the employees of the defendant to burn rubbish in the pit, as occasion arose, several times each week. Upon the morning of December 14, 1912, a fire, which was left unattended, was started by some of the employees in the pit. Shortly before noon the fire was seen, by persons passing, to be blazing and smoking. A little four-year-old child, Mary Carr, was at the time playing across the street, on the steps of her father's house; shortly afterward the child was seen standing near the fire in the pit with her clothing in flames, and before she could be

reached and the flames extinguished she was badly burned. Under the testimony, the question of the negligence of defendant's employees in leaving unattended a fire upon the premises so situated that children playing in the vicinity might be drawn to it to their injury, was for the jury. That the fire was kindled upon a windy day, and left unguarded upon a lot which was of easy access from the street, and that the children of the neighborhood had, from time to time, been permitted to play upon the lot, was not denied. The facts of the case bring it within the principle of the decisions in Rachmel v. Clark, 205 Pa. 314; Henderson v. Continental Refining Co., 219 Pa. 384; Millum v. Lehigh & Wilkes-Barre Coal Co., 225 Pa. 214.

The assignments of error are overruled, and the judgment is affirmed.