## PECK *v.* ADOMAITIS.

1. FIRES—BONFIRES—ORDINANCES—APPLICATION.
    City ordinance against fires, including bonfires, under police power, has reference to acts with possible effects reaching beyond limits of situs of fire, but has no application to persons who interfere with fire or intrude or enter premises as licensees.

2. NUISANCE—BONFIRE NOT NUISANCE PER SE—ORDINANCES.
    Bonfire on one's own premises is not nuisance *per se*, even if it is in violation of city ordinance.

3. LICENSES—INFANTS ON PRIVATE PROPERTY WITHOUT LEGAL RIGHT.
    Boy who with other children was in habit of using path across private lot had no legal right thereon, and at most was licensee.

As to attractive nuisances, see annotation in 19 L. R. A. (N. S.) 1094.
On duty of property owner to trespassing child, see annotation in 32 L. R. A. (N. S.) 559.
Duty to guard against injury to trespassing children by fire, see annotation in 39 L. R. A. (N. S.) 1058; L. R. A. 1917F, 1036.

4. NEGLIGENCE—FIRES—INFANTS—ATTRACTIVE NUISANCE.

   . Leaving bonfire unattended on one's private premises at place
   where children are wont to go is not in violation of any duty
   imposed by common law or statute.

5. SAME—INFANTS—NO OBLIGATION TO KEEP PREMISES SAFE FOR
   INFANT TRESPASSERS.

   Owner of private property is under no obligation to trespassers
   or licensees to keep premises safe for use of children as play-
   ground.

6. SAME—FIRES—INFANTS—LICENSES.

   Owner of private lot who started bonfire thereon and left it un-
   attended is not liable for injuries caused by said fire to boy 3
   years and 9 months of age, who was mere licensee thereon,
   although owner knew that children were in habit of crossing
   said lot.

. Appeal from Superior Court of Grand Rapids;
Verdier (Leonard D.), J.   Submitted October 14,
1931.   (Docket No. 102, Calendar No. 35,982.)   De-
cided December 8, 1931.

Case by Berdan Peck, a minor, by Paulina Peck
as his guardian and also as assignee, against Mary
Adomaitis for personal injuries sustained from fire
alleged to have been negligently left unguarded.
Directed verdict and judgment for defendant.
Plaintiffs appeal.   Affirmed.

*William K. Clute,* for plaintiffs.

*Michael Garvey,* for defendant.

WIEST, J.   October 4, 1929, defendant operated a
grocery store on Quimby street in the city of Grand
Rapids.   The lot upon which the store was located
ran back to Matthews court, and a path from the
court to the back of the store and to Quimby street
had for some time been used by customers and chil-
dren.   That morning defendant burned some rubbish

in the back yard, within three or four feet of the path, and while in the store waiting on a customer, it is claimed that Berdan Peck, a boy then three years and nine months of age, came upon the lot, went near the fire, his clothing caught fire and he was severely burned. This suit was brought to recover damages and resulted in a directed verdict for defendant.

Negligence of defendant is claimed on two grounds: (1) Negligence in setting fire in violation of a city ordinance; (2) negligence in leaving the fire unguarded and exposing children who might be frequenting the lot or passing along the path to danger.

Counsel for plaintiffs does not claim any aid from the so-called turntable doctrine, not accepted in this jurisdiction (*Ryan* v. *Towar,* 128 Mich. 463 [55 L. R. A. 310, 92 Am. St. Rep. 481]), but does claim that the use of the path and of the lot by children imposed an obligation on defendant not to create a danger in proximity to the path which would lure little children to harm or destruction should they venture too close to the fire or meddle with it. This last claim is, in effect, invocation of the attractive nuisance doctrine, which is so closely related to the turntable doctrine as to lead some courts to recognize no distinction.

The city ordinance against fires, including bonfires, is the usual preventative measure, under the police power, with reference to acts with possible effects reaching beyond the limits of the situs of the fire and in no sense applicable to persons who interfere with a fire or intrude or enter the premises as licensees.

The boy had no legal right to go upon defendant's premises. At the most he was a licensee. A bonfire upon one's own premises is not a nuisance *per se.*

Violation, if any, of the ordinance was not negligence *per se*. *Cook* v. *Johnston*, 58 Mich. 437 (55 Am. Rep. 703). The bonfire did not constitute a wrongful interference with any legal rights of the child, nor was it a nuisance in the sense of a wrongful act bringing injury to him while in the course of enjoyment of legal rights.

The accident here involved was in the fall of the year, and it appears that general permission had been given to burn leaves in the street. This brings us to the question of whether defendant was guilty of breach of duty toward the child in leaving the fire unattended. The child was not present when defendant left the fire. The duty then, if there was one, was owing to a possible infant intruder and meddler with the fire.

It is contended that defendant was guilty of actionable negligence in leaving the bonfire unattended at a place where children were wont to go upon the premises. No such duty is imposed by the common law or statute. Such duty has been imposed. *Carr* v. *Southern Pa. Traction Co.*, 253 Pa. 274 (98 Atl. 554). But upon this question there is irreconcilable conflict of decisions, mentioned by Mr. Justice FEAD in *LeDuc* v. *Detroit Edison Co.*, 254 Mich. 86.

Defendant was under no obligation to trespassers or licensees to keep her premises safe for use of children as a playground.

Must the owner keep his land free from a bonfire which might attract discretionless and unattended children, or so guard his premises as to exclude such children or attend to their protection after entry? The boy was not an invitee.

"Neither silence, acquiescence, nor permission, however, standing alone, is sufficient to establish an

invitation. A license may thus be created, but not an invitation. The infancy of the party injured does not change the situation. He enters as a trespasser, licensee, or invited person according to the same circumstances which control in the case of an adult. When the question of his contributory negligence arises, his age, intelligence and want of experience are to be considered. And when the owner's duty toward him is established, these factors must be taken account of in determining whether the owner's conduct measures up to the legal standard." *Bottum's Admr.* v. *Hawks,* 84 Vt. 370, 384 (79 Atl. 858, 35 L. R. A. [N. S.] 440, Ann. Cas. 1913A, 1025).

We quote the following apt statement from *Thompson* v. *Railroad Co.,* 218 Pa. 444 (67 Atl. 768, 19 L. R. A. [N. S.] 1162, 120 Am. St. Rep. 897, 11 Ann. Cas. 894):

"It cannot be said that he invites or allures children because no such intention in fact exists, nor that he sets a trap for the innocent and unwary. The law does not impose a duty upon the landowner to take special precautions for a class of persons, a doctrine which, if carried to its logical conclusion, would, as was said in *Gillespie* v. *McGowan,* 100 Pa. 144, 'charge the duty of the protection of children upon every member of the community except their parents.'"

In *Paolino* v. *McKendall,* 24 R. I. 432 (53 Atl. 268, 60 L. R. A. 133, 96 Am. St. Rep. 736), a boy five years of age was burned by an unguarded bonfire, and it was there claimed:

"That an occupier of land, having thereon dangerous agencies, to which children of tender years, too untrained and inexperienced to appreciate the dangers and resist the temptations placed before them, are likely to be allured or attracted, is under

the duty of exercising the care which an ordinary person would exercise in the premises to prevent injury therefrom, to such children either by guarding or inclosing the dangerous agency, or by giving warning to parents of the existence of the danger.''

The court held, quoting the syllabus:

''There can be no recovery against an occupier of premises in favor of an infant of tender years, who has been allured to the premises by means of a fire kindled thereon, and been injured thereby while at play, on the ground of an implied invitation from the owner's knowledge that the lot was used as a playground for children without objection, or of a duty on the part of the occupier to exercise care to prevent injury therefrom to such children.''

We hold that there was no legal duty on the part of defendant to guard the child against the danger of coming into contact with the fire. According to the testimony in behalf of plaintiffs the most favorable consideration leaves the case short of establishing legal negligence on the part of defendant.

The judgment is affirmed, with costs.

BUTZEL, C. J., and CLARK, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.