NEGLIGENCE — ATTRACTIVE NUISANCE — POLE PILE — INFANT TRES-
PASSERS.
> Power company which maintained a pile of poles in an uninclosed
> storage yard on their private property near a public way did
> not thereby create a peril to any proper use of the premises,
> hence, was not liable to trespassing child aged nine years and
> three months who was injured by a pole which rolled down upon
> her while she was meddling with them, on theory that pile
> constituted an attractive nuisance.

Appeal from Dickinson; Bell (Frank A.), J. Sub-
mitted January 10, 1941. (Docket No. 68, Calendar
No. 41,288.) Decided March 11, 1941.

Case by Janice Holland, by Alwin G. Holland,
next friend, against Wisconsin Michigan Power
Company, a Wisconsin corporation, for injuries re-
ceived on defendant's property. Verdict for plain-
tiff. From judgment for defendant notwithstanding
the verdict, plaintiff appeals. Affirmed.

*Edward J. Dundon,* for plaintiff.

*Raymond Turner,* for defendant.

WIEST, J. In August, 1938, at Iron Mountain, de-
fendant company had, on private property, an unin-
closed storage yard for poles used in maintenance

---

An attractive nuisance must be a condition involving unusual risk,
see 2 Restatement, Torts, § 339 (b); and one which children, because
of their youth, cannot understand, § 339 (c); the utility to the pos-
sessor of land must be slight as compared to risk to young children,
see § 339 (d).
Nonliability to trespassers for conditions upon the land, see 2 Re-
statement, Torts, § 333.

and extension of its utility distributing system. The poles were piled on skids to a height of about eight feet and to a considerable length.

The afternoon of August 24, 1938, plaintiff, then aged nine years and three months, in company with a girl about two years older, climbed upon one of the piles, traversed its length and, when near the end of the pile, a pole back of them rolled down, threw them to the ground, and seriously injured plaintiff.

Claiming the pile to be an attractive nuisance, plaintiff brought this suit to recover damages for the injuries sustained. Upon trial by jury, plaintiff had verdict for $1,800, but the court, under reserved motion, entered judgment for defendant.

Plaintiff appeals, claiming the pile of poles, being near a public way, without safeguards to maintain them in place, constituted an attractive nuisance and the court was in error in entering judgment for defendant.

The poles were piled on private property and were not in the nature of an attractive nuisance.

The girl companion of plaintiff testified:

"The pole that hit Janice came from behind. It came from behind both of us after both of us had passed over it. I wouldn't say it started of its own volition. I imagine somebody stepped on it and it came loose. There was no one on it when it started to move. I wasn't playing with it nor trying to dislodge it. Janice was almost to the bottom of the west end of the pile when the pole started to roll. I was down near the southwest corner of the pile. I heard it and I went to turn around and that is when it hit me. * * * When I came to I found Janice caught by the pole. She was down on the grass, about in the middle of the pole. I lifted the south end of the pole up. There were no other poles on the ground or grass there. * * *

"When I first saw the pole coming Janice was pretty close to the west end but she hadn't jumped down to the ground yet."

The mother of Janice was in a local hospital and Janice went there to obtain permission to climb trees. In order to talk with her mother she went up the fire escape. The two girls left the hospital and went down the railroad track. They did some climbing and jumping before seeing the pile of poles.

The pile of poles did not create a peril to any proper use of the premises. *Sandstrom* v. *Railway Co.*, 198 Mich. 99. No law or rule of care required the poles to be so piled as to prevent injury to a child meddling with them.

We said in *LeDuc* v. *Detroit Edison Co.*, 254 Mich. 86:

"The doctrine [attractive nuisance] has not been permitted seriously to impair the rule that a property owner owes no duty to protect trespassers, adult or infant, from injury other than wanton or wilful, as has been done in some states."

Plaintiff was a trespasser. *Trudell* v. *Railway Co.*, 126 Mich. 73 (53 L. R. A. 271), and, as such, while meddling with the poles, was injured. Defendant is not liable.

The judgment is affirmed, with costs to defendant.

SHARPE, C. J., and BUSHNELL, BOYLES, CHANDLER, NORTH, MCALLISTER, and BUTZEL, JJ., concurred.