LARABELL v. SCHUKNECHT.

1. DAMAGES—INTOXICATING LIQUORS—EXEMPLARY DAMAGES—STAT-
UTES.
    Damages allowable under the liquor law against person or per-
    sons who caused or contributed to the intoxication of an in-
    dividual or to the injury resulting therefrom are not punitive
    although they may be exemplary as provided for by statute
    (Act No. 8, § 22, Pub. Acts 1933 [Ex. Sess.], as amended by
    Act No. 281, Pub. Acts 1937).

2. INTOXICATING LIQUORS—DAMAGES—PARTIES.
    Action may be brought for all damages resulting to a plaintiff
    within the purview of the liquor law against each tavern
    keeper responsible for an individual's intoxication or for
    contributing to it and if the intoxication caused conduct re-
    sulting in death of such individual (Act No. 8, § 22, Pub. Acts
    1933 [Ex. Sess.], as amended by Act No. 281, Pub. Acts 1937).

3. RELEASE—COVENANT NOT TO SUE—TORTS.
    A covenant not to sue one of several tort-feasors does not release
    the remainder from any liability that existed.

4. SAME—COVENANT NOT TO SUE—SATISFACTION PRO TANTO.
    While the release of the first of two tort-feasors by way of a
    covenant not to sue did not release the second, plaintiff, suing
    tavern keepers for death of his minor son, could have but one
    satisfaction for his injuries and the amount paid for the cove-
    nant not to sue will be regarded as a satisfaction *pro tanto*
    as to the joint tort-feasors.

5. APPEAL AND ERROR—RECORD—ARGUMENT TO JURY.
    The Supreme Court will not consider arguments to jury which
    do not appear in the record.

6. INTOXICATING LIQUORS—JOINT TORT-FEASORS—COVENANT NOT TO
SUE—MITIGATION OF DAMAGES.
    In father's action against tavern keeper for death of his minor
    son who died from injuries received after consuming beer at

defendant's place and that of another, it was error on part of trial court not to permit appellant tavern keeper and her surety to amend answer and show that plaintiff had received a substantial sum from the other tavern keeper on account of the damages (Act No. 8, § 22, Pub. Acts 1933 [Ex. Sess.], as amended by Act No. 281, Pub. Acts 1937).

7. RELEASE—JOINT TORT-FEASORS—COVENANT NOT TO SUE.
   Moneys paid by a tort-feasor in consideration of a covenant not to sue does not operate as a release of the other tort-feasors for any damages above the amount paid by the tort-feasors against whom the suit has been discontinued (Act No. 303, § 2, Pub. Acts 1941).

8. SAME—JOINT TORT-FEASORS—COVENANT NOT TO SUE—DAMAGES.
   In father's action against tavern keeper for injuries resulting in death of his minor son after latter had consumed beer at defendant's place as well as at another tavern, plaintiff would have a right to have jury determine whether he was entitled to damages over and above sum received in consideration for covenant not to sue tort-feasor against whom suit was discontinued and defendant tavern keeper and surety have right to show payment pro tanto in continuation of suit against them (Act No. 8, § 22, Pub. Acts 1933 [Ex. Sess.], as amended by Act No. 281, Pub. Acts 1937; Act No. 303, § 2, Pub. Acts 1941).

Appeal from St. Clair; George (Fred W.), J. Submitted January 5, 1944. (Docket No. 35, Calendar No. 42,551.) Decided April 3, 1944.

Case by Clayton C. Larabell, Sr., and wife against Walter and Fredericka Schuknecht and the American Bonding Company to recover damages for death of plaintiffs' son. Mrs. Larabell stricken as party plaintiff and Walter Schuknecht stricken as party defendant. Verdict and judgment for plaintiff. Defendants appeal. Reversed and new trial granted.

*Watson & Inman,* for plaintiff.

*Robert E. Plunkett,* for defendants.

BUTZEL, J. Plaintiff as father of a deceased minor brought suit against Fredericka Schuknecht,

herein called the defendant, and the American Bonding Company, the surety on her bond, claiming that his son's death was due to a violation of the liquor law by the defendant who ran the tavern. Liability is claimed under Act No. 8, § 22, Pub. Acts 1933 (Ex. Sess.), as amended by Act No. 281, Pub. Acts 1937 (Comp. Laws Supp. 1940, § 9209-37, Stat. Ann. 1943 Cum. Supp. § 18.993). On June 28, 1942, plaintiff's decedent, almost 18 years of age, accompanied by two other young men over 21 years of age, all residing in Algonac, Michigan, went to Detroit. After dinner they went to a theater and then drove back home. They stopped at the Schuknecht tavern near Algonac, Michigan, at 11:30 p. m. It was shown that defendant sold each of the boys two and one-half glasses of beer. The boys then went to the Tassie tavern, also not far from Algonac, and there each of them was served with three bottles of beer. They remained at the Tassie tavern until its closing time about 2 a.m. As they started for their car, the path led through a wooden archway consisting of two upright posts with an eight-inch beam on top of the posts about nine feet from the ground. Plaintiff's decedent leaped in the air, caught the cross-beam, swung on it and jumped off. The other boys who were shorter in stature were not able to perform this feat. Plaintiff's decedent then attempted it a second time. The swinging on the beam evidently moved it off the upright posts and as plaintiff dropped to the ground, the beam fell upon his head and crushed his skull. He died shortly thereafter. Plaintiff began suit against defendant and her bonding company and also against the owners of the Tassie tavern and their bonding company. The suit was discontinued as to defendant and her bonding company and the instant suit was begun against them alone. The suit against the Tassies and their bonding company was dismissed upon the payment to the plaintiff of

the sum of $1,800 in consideration of a covenant not to sue the Tassies and their bonding company. Defendant in the instant suit did not set forth this agreement not to sue in the original answer, but at the opening of the case in the absence of the jury, the attorneys for defendant moved the court that they be permitted to amend their answer so as to show as a special defense that the sum of $1,800 had been paid in full compensation for the damages or in mitigation of any damages that might be recovered for the injury. In the declaration in the instant case, it was sought to recover ordinary and exemplary damages for the entire injury.

Plaintiff's attorney stated that he made no objection as to the timeliness of the motion but insisted that it be denied for legal reasons. The trial judge stated that there was only one case before him and what happened in another case, in which the defendants were not parties, had nothing to do with the issue in the case being tried, and he therefore denied the motion. No testimony was introduced showing the payment of $1,800 from the Tassies and their bonding company. The jury awarded a verdict of $1,500 against defendant. The judge denied a subsequent motion by defendants asking for the satisfaction of the judgment of $1,500 in the instant case on the ground, as the jury found, that the entire damage for the injury was only $1,500 and plaintiff had already received $1,800, more than the amount of the judgment for damages for the same injury. Defendants appeal claiming that they should have been permitted to show the receipt of the $1,800 in mitigation of the damages or in full satisfaction thereof.

Under Act No. 8, § 22, Pub. Acts 1933 (Ex. Sess.), as amended by Act No. 281, Pub. Acts 1937 (Comp. Laws Supp. 1940, § 9209-37, Stat. Ann. 1943 Cum. Supp. § 18.993), suit may be brought against any

person or persons who caused or contributed to the intoxication or to the injury resulting therefrom. Suit may be brought against persons jointly or severally. The present case is not one where there have been repeated injuries brought about by intoxication but there has been one injury for which the jury found defendant responsible. This is the same injury for which plaintiff had received $1,800 from the Tassies. We shall not discuss which of the taverns was to blame but, under plaintiff's theory, had plaintiff's decedent stopped at six different places instead of at two to buy the two and one-half glasses and three bottles of beer, plaintiff could recover from each one of them a substantial amount without disclosing what he had received from the others. The damages are not punitive; they may be exemplary as provided for by the statute. It is true that if each one of the tavern keepers was responsible for the intoxication or for contributing to it and the intoxication caused decedent's conduct resulting in death, suit could be brought against all who contributed to the same intoxication for all damages resulting to the plaintiff within the purview of the statute. 1 Cooley on Torts (3d Ed.), p. 527, citing *Johnson* v. *Johnson,* 100 Mich. 326; *Jewell* v. *Welch,* 117 Mich. 65. The covenant not to sue did not release defendant from any liability that existed. However, while it is true that the release of the Tassies did not release defendant, nevertheless, plaintiff could have but "one satisfaction for his injuries; the amount paid to the person in whose favor the covenant not to sue is given will be regarded as a satisfaction *pro tanto* as to the joint tort-feasors." 50 A. L. R. 1085, and the citations thereunder; also in 66 A. L. R. 206 and 104 A. L. R. 931; also, 4 Restatement, Torts, § 885. This principle was also referred to in *Garstka* v. *Republic Steel Corp.,* 294 Mich. 387.

Plaintiff's attorneys claim in their brief that al-

though the arguments to the jury were not taken down stenographically and, therefore, do not appear in the record, the fact was repeatedly called to the attention of the jury that the Tassies were parties to another suit. Defendants filed no reply brief denying this claim. We only consider what appears in the record. However, it is quite conceivable that the jury considered the Tassies more responsible for the boy's death than the defendant in the instant case, and concluded in assessing damages that recovery also would be had from the Tassies. There was error in not permitting appellants to amend and show that plaintiff had received a substantial sum on account of the damages.

While some doubts may be expressed because of certain previous decisions, it is now settled that moneys paid by a tort-feasor in consideration of a covenant not to sue does not operate as a release of the other tort-feasors for any damages above the amount paid by the tort-feasors against whom the suit has been discontinued. Under Act No. 303,. § 2, Pub. Acts 1941 (Comp. Laws Supp. 1943, § 14497b, Stat. Ann. 1943 Cum. Supp. § 27.1683[2]), it is provided:

"It shall be lawful for all persons having a claim or cause of action against 2 or more joint tort-feasors to compound, settle with, and discharge, at any time prior to rendition of a judgment in said action, any and everyone or more of said joint tort-feasors for such sum as such person may deem fit, without impairing the right of such person or persons to demand and collect the balance of said claim or cause of action from the remaining joint tort-feasors, against whom such person, or persons, has such claim or cause of action, and not so released."

Plaintiff has the right to continue his suit against the defendants to recover such damages, if any, that the jury shall determine plaintiff suffered, over and

above the sum plaintiff has already received in consideration of the covenant not to sue from the tortfeasors against whom the suit has been discontinued. Defendants have the right to show this payment *pro tanto* in the continuation of the suit against them.

The judgment is reversed, with costs to defendants, and the case remanded for new trial.

NORTH, C. J., and STARR, WIEST, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.