## BARLOW *v.* KRIEGHOFF COMPANY.

1. NEGLIGENCE—GENERAL CONTRACTOR—INDEPENDENT SUBCONTRACTOR —UNUSUAL DANGER.

   A general contractor is not usually liable for the negligent acts of an independent subcontractor, in the absence of the right to control, except when the work to be done is of such character that it necessarily subjects third persons to unusual danger.

2. SAME—ROOFING JOB—HOT TAR—DANGEROUS SUBSTANCES.

   The placing of a bucket of hot tar upon adjacent premises owned by another was a collateral act and not a part of performance of roofing job by subcontractor whose job of reroofing building being altered was neither inherently nor intrinsically dangerous.

3. SAME — HOT TAR — SUBCONTRACTOR — GENERAL CONTRACTOR — OWNER.

   The general contractor and owner of a building being altered are not insurers that an 8-year-old boy will not hurt himself by falling into bucket of hot tar which subcontractor had placed behind barrels on adjacent lot owned by another nor were they under an obligation to inspect such vacant lot.

4. SAME—ATTRACTIVE NUISANCE—HOT TAR ON ADJACENT LOT—GEN-ERAL CONTRACTOR—OWNER.

   Owner and general contractor altering former's building may not be subjected to liability for injuries sustained by an 8-year-old boy when he fell on an adjacent lot owned by another into a bucket of hot tar that had been placed behind barrels by sub-contractor of roofing job, on the basis of attractive nuisance, in the absence of proof of wanton or wilful negligence.

5. APPEAL AND ERROR—QUESTIONS REVIEWABLE—RELEASE—COVE-NANT NOT TO SUE.

   Effect of covenant not to sue subcontractor upon plaintiff's right to sue general contractor and owner of building being altered ·

---

Liability for creating an artificial condition that is dangerous to trespassing children, see 2 Restatement, Torts, § 339.

is not discussed where matter was not passed upon by trial judge and is unnecessary in view of fact that general contractor and owner were not liable to injured person for injuries sustained as a matter of law.

Appeal from Wayne; Neuenfelt (Lila M.), J. Submitted October 10, 1944. (Docket No. 13, Calendar No. 42,757.) Decided November 30, 1944.

Case by Matthew Barlow, a minor, by Mark Barlow, his next friend, against Krieghoff Company, a Michigan corporation, and Frank Wurm for personal injuries sustained when he fell into a bucket of hot tar. Verdict for plaintiff. Judgment for defendant *non obstante veredicto.* Plaintiff appeals. Affirmed.

*Vandeveer & Haggerty* and *Charfoos & Gussin* (*Fred L. Vandeveer,* of counsel), for plaintiff.

*Alexander, McCaslin, Cholette & Buchanan,* for defendant Wurm.

*Kerr, Lacey & Scroggie* (*Wilfrid C. Dilworth* and *Benedict H. Lee,* of counsel), for defendant Krieghoff Company.

BUSHNELL, J. This is an appeal from a judgment *non obstante veredicto,* after a jury had returned a verdict in the sum of $2,500 in favor of plaintiff Matthew Barlow, a minor, who received severe burns by hot tar in September of 1940, when he was 8 years old.

Defendant Frank Wurm is the owner of property in the city of Detroit, located at the corner of Sheridan, Gratiot and Warren avenues. The widening of Gratiot avenue required considerable alterations in Wurm's building, which is used for recreational and

bowling alley purposes.  This reconstruction required the use of tar, felt and pitch, et cetera, on the roof.  Defendant Krieghoff Company was the general contractor and sublet the roofing job to the Acme Roofing Company.

In connection with its work Acme used a vacant lot, not owned by Wurm, on the north side of the building, for the heating of pitch and tar, which was run into buckets and hoisted to the roof.  When Acme finished its work at about 4:30 in the afternoon of the day of the accident, some left-over hot tar was placed in a pail and put back of some barrels of cold pitch, and a piece of heavy black paper was placed over the bucket.  It was intended that Acme's truck would call and carry away the unused material the next day.  Shortly after workmen had left the vacant lot, Matthew and one of his boy friends, in passing through the lot on their way home from a store, jumped on the barrels, Matthew slipped, fell into the bucket of hot tar, and was severely burned.

For the sake of clarity it should be noted, at this point, that plaintiff's guardian, acting under the authority of the probate court, executed a covenant not to sue, running to Acme Roofing Company, and plaintiff's father executed a like covenant in consideration of moneys paid for medical services, et cetera.  See *Larabell* v. *Schuknecht,* 308 Mich. 419, and Act No. 303, § 2, Pub. Acts 1941 (Comp. Laws Supp. 1943, § 14497b, Stat. Ann. 1944 Cum. Supp. § 27.1683 [2]).

The controlling questions in the case are whether the owner, Wurm, and his general contractor, Krieghoff, owed a duty to children playing in and around adjoining lots; were they negligent in failing to guard against the danger encountered by Matthew, and should they have warned those likely to be in

the vicinity of the existence of a dangerous condition? An additional question is presented as to whether the covenants not to sue are a bar to plaintiff's action.

The authorities generally express the rule that a general contractor is not liable for the negligent acts of an independent subcontractor, in the absence of the right of control. See *Utley* v. *Taylor & Gaskin, Inc.*, 305 Mich. 561, and authorities therein cited. One of the exceptions to this rule is that there is no immunity from responsibility when the work to be done is of such character that it necessarily subjects third persons to unusual danger.

Plaintiff does not claim that the reconstruction of a building or the installation or repair of a roof is inherently dangerous, but he insists that the use of hot tar brings the owner and general contractor within the exception. He also contends that whether danger is inherent in the work contracted for and should be reasonably anticipated is a question dependent on the facts in each case.

The trial judge, the Honorable Lila M. Neuenfelt, filed a written opinion which occupies 38 pages in the printed record, in which many authorities on this subject are carefully reviewed. An examination of them as applied to the facts in this case requires concurrence in her opinion that the work performed by Acme was neither inherently nor intrinsically dangerous, and that the placing of a bucket of hot tar upon the adjacent premises owned by another was a collateral act and not a part of performing the roofing job. See the exception stated in *Olah* v. *Katz*, 234 Mich. 112, at page 117, and *St. Paul Water Company* v. *Ware*, 16 Wall. (83 U. S.) 566, 576 (21 L. Ed. 485). See, also, the comment at page 321 in *Inglis* v. *Millersburg Driving Assn.*, 169 Mich. 311 (Ann. Cas. 1913D, 1174).

Defendants were not obligated to insure Matthew against hurting himself, *LeDuc* v. *Detroit Edison Co.,* 254 Mich. 86, nor were they required to examine the vacant lots in the vicinity of the building to ascertain whether any buckets of hot tar had been placed behind barrels into which inquisitive and playful children might fall. Even under the doctrine of ordinary care, such inspection could not be imposed upon Wurm or Krieghoff. Compare *Roberts* v. *Lundy,* 301 Mich. 726. Nor can recovery be predicated upon the doctrine of attractive nuisance, there being no proof of wanton or wilful negligence. See *Habina* v. *Twin City General Electric Co.,* 150 Mich. 41 (13 L. R. A. [N. S.] 1126), *LeDuc* v. *Detroit Edison Co., supra,* and *Holland* v. *Wisconsin Michigan Power Co.,* 296 Mich. 668 (9 N. C. C. A. [N. S.] 570).

The covenants not to sue contained the following language:

"It is further understood that this covenant not to sue extends to and protects not only the said Acme Roofing Company, a Michigan corporation, its successors and assigns, but also all other persons, firms or corporations only to the extent of their liability, if any, resulting from operation of law because of the alleged negligence of said Acme Roofing Company, but does not protect any other person, firm or corporation, because of their own negligence, independent of and distinct from any negligence, acts or omissions of the Acme Roofing Company, its agents, servants or employees.

"In further consideration of the above payment, I, the said Irene Barlow, guardian of the estate of Matthew Barlow, a minor, do hereby covenant and agree that neither he nor his estate will ever at any time make any demand or claim, or prosecute, cause or permit to be prosecuted, any action at law or in equity or any proceedings of any description against

*J*

any other person, firm or corporation, including the Krieghoff Inc., alleging as grounds of negligence or liability any actual or claimed negligence of omission or commission of the Acme Roofing Company, its agents, servants or employees, it being the intention of the parties and a part of the consideration for which the above-mentioned $700 is paid, that no other party shall be sued in such manner of proof offered which they would give such other party an eventual right of contribution or indemnity against the said Acme Roofing Company, but without limiting the undersigned from proving active negligence of some other person as being a proximate cause of said injury.''

Appellant argues that the trial court erred in holding that these covenants were a bar to plaintiff's action. We do not find that the trial judge passed upon that question, nor do we deem it necessary to pass upon it now for the reason that the question becomes of no moment in the absence of any negligence on the part of either defendant Wurm as owner or defendant Krieghoff as general contractor.

The judgment for defendants entered upon their motion for judgment *non obstante veredicto* is affirmed, with costs to appellees.

NORTH, C. J., and STARR, WIEST, BUTZEL, SHARPE, BOYLES, and REID, JJ., concurred.