MORRIS *v.* LEWIS MANUFACTURING COMPANY.

1. INFANTS—ENTRY UPON LANDS OF ANOTHER.
   The status of a person who enters upon the land of another as a trespasser, licensee or invitee is not changed by reason of the fact that such person is an infant.

2. NEGLIGENCE—INFANTS—TRESPASSERS.
   Owner of private property is under no obligation to trespassers to keep premises safe for use of children as playground.

3. SAME—TOLERATION OF A TRESPASS.
   Mere toleration of a trespass does not alone constitute a license or an invitation by a landowner.

4. SAME—LUMBER PILE—INFANTS—ATTRACTIVE NUISANCE.
   Piling of lumber on lot upon which a house was being built, where accessible and within reach of 7-year-old boy and in such a way as to be dislodged easily *held,* not an attractive nuisance, hence, as a matter of law the lot owners and supplier of lumber were not liable for fatal injuries sustained by such child when lumber fell upon him.

Appeal from Ingham; Coash (Louis E.), J. Submitted June 8, 1951. (Docket No. 67, Calendar No. 45,183.) Decided September 5, 1951.

Case by Walter R. Morris, administrator of the estate of Walter R. Morris, Jr., against Lewis Manufacturing Company and Clinton D. Aldrich and wife for damages sustained resulting from death of decedent when killed by falling lumber. Motion to dismiss granted. Plaintiff appeals. Affirmed.

REFERENCES FOR POINTS IN HEADNOTES
[1–4] 38 Am Jur, Negligence §§ 118, 141 *et seq.*
[1–4] Attractive nuisances. 36 ALR 34; 39 ALR 486; 45 ALR 982; 53 ALR 1344; 60 ALR 1444.

*John Wendell Bird,* for plaintiff.

*Smith & Brooker,* for defendant Company.

*Hubbard, Fox & Thomas,* for defendants Aldrich.

SHARPE, J.   Plaintiff brought action against defendants Clinton D. Aldrich, Doris Aldrich and Lewis Manufacturing Company for the death of Walter R. Morris, Jr., a minor, age 7, who was killed on December 29, 1946, while playing on property owned by defendants Aldrich.

On December 29, 1946, defendants Clinton D. Aldrich and Doris Aldrich were the owners of a lot in the city of Lansing, Michigan, upon which they were building a house. Upon that date, the house had been partially completed. Piled upon the property were various building materials, including lumber which had been purchased from Lewis Manufacturing Company. The lot was accessible to children and for some time had been used by children as a playground. On or prior to the day in question, a load of lumber had been delivered and piled by an employee of defendant lumber company in such a manner that it could be dislodged easily. Plaintiff's son came upon the property to play and while so playing the lumber fell upon him causing injuries, resulting in his death a short time later.

Plaintiff, after being appointed administrator of his son's estate, commenced an action to recover damages for the death of his son. Defendants Aldrich filed a motion to dismiss plaintiff's declaration for the reason that said declaration is insufficient in substance to state a cause of action either under the common law or the statutes of the State of Michigan against these defendants or either of them.

The cause came on for hearing on defendants' Aldrich motion to dismiss. After arguments, the trial court entered an order dismissing plaintiff's

declaration, holding that if the child was a trespasser or licensee, defendants Aldrich were under no obligation to keep the premises safe for use of children as a playground. The court also held that a pile of lumber is not an "attractive nuisance." The declaration was amended by adding an allegation that the boy was an invitee. All defendants filed separate motions to dismiss for the same reasons as in the prior motion. They were granted by the trial court.

Plaintiff appeals and urges that on a motion to dismiss, material allegations of fact in a declaration and the necessary inferences to be drawn therefrom must be considered as true as well as being viewed in the light most favorable to plaintiff; and that the amended declaration, including the following allegations, states a cause of action:

"That the said piles of lumber, building materials, and supplies negligently and carelessly piled and erected as aforesaid were open to access by said plaintiff's decedent and readily accessible to him and within his reach; that the said lumber and other materials and supplies were piled in such a way as to make them especially attractive to the deceased and to other children, and that the said lumber and materials and other construction upon said property of the defendants Aldrich as an attractive and dangerous instrumentality did in fact attract the said deceased to danger and to his death as hereinafter set out.    *    *    *

"That because of the circumstances aforesaid, and the fact that said deceased and other children, his playmates, had used the said premises as a playground previously for a considerable period, and had been permitted with the knowledge and consent of the said defendants, their agents and employees, to continue to use said premises as a playground after digging thereon had been commenced and construction was going on, the said deceased, at the

time of the accident which caused his death, was an invitee as to whom the said defendants owed the duty of adequate supervision, warning, and exercise of due care in the piling and maintenance of said lumber, material, and supplies in such manner that said piles would not collapse and injure plaintiff's decedent or other invitees; that, finally, deceased was not a mere licensee or trespasser, but an invitee as aforesaid to whom defendants owed a higher standard of duty than to a mere trespasser or licensee."

The substance of these allegations contained in plaintiff's amended declaration is that under the facts alleged the child was an invitee to whom defendants owed a higher standard of duty than is owed to a mere trespasser or licensee.

The amended declaration alleges that defendant lumber company delivered lumber and piled it upon the lot along with other building materials; that children played on the lot and in and about the building materials with the knowledge and consent of defendants Aldrich; and that no steps were taken to warn or protect the children. Nowhere in the amended declaration is there an allegation of an express invitation for the children to play on the lot.

The issue of whether the boy was an invitee is controlled by *Peck* v. *Adomaitis,* 256 Mich 207. In that case defendant operated a grocery store. On the morning in question she burned rubbish in the back yard and while in the store waiting on a customer, it was claimed that a boy 3 years and 9 months old came upon the lot, went near the fire and was severely burned. In affirming a judgment for defendant on a directed verdict, we said:

"Defendant was under no obligation to trespassers or licensees to keep her premises safe for use of children as a playground.

"Must the owner keep the land free from a bonfire which might attact discretionless and unattended

children, or so guard his premises as to exclude such children or attend to their protection after entry? The boy was not an invitee.

"'Neither silence, acquiescence nor permission, however, standing alone, is sufficient to establish an invitation. A license may thus be created, but not an invitation. The infancy of the party injured does not change the situation. He enters as a trespasser, licensee or invited person according to the same circumstances which control in the case of an adult.' * * * *Bottum's Admr.* v. *Hawks*, 84 Vt 370, 384 (79 A 858, 35 LRA NS 440, Ann Cas 1913A, 1025).

"We quote the following apt statement from *Thompson* v. *Railroad Co.*, 218 Pa 444 (67 A 768, 19 LRA NS 1162, 120 Am St Rep 897, 11 Ann Cas 894):

"'It cannot be said that he invites or allures children because no such intention in fact exists, nor that he sets a trap for the innocent or unwary. The law does not impose a duty upon the landowner to take special precautions for a class of persons, a doctrine which, if carried to its logical conclusion, would, as was said in *Gillespie* v. *McGowan*, 100 Pa 144 (45 Am Rep 365), "charge the duty of the protection of children upon every member of the community except their parents."'"

See, also, *Ryan* v. *Towar*, 128 Mich 463 (55 LRA 310, 92 Am St Rep 481); *Petrak* v. *Cooke Contracting Co.*, 329 Mich 564; *Holland* v. *Wisconsin Michigan Power Co.*, 296 Mich 668 (9 NCCA NS 570).

In *Ryan* v. *Towar, supra,* we said: "Mere toleration of a trespass does not alone constitute a license even, certainly not an invitation." We do not find in plaintiff's amended declaration facts pleaded which allege an implied invitation to the boy, consequently, the rule announced in *Peck* v. *Adomaitis, supra,* controls.

Plaintiff also urges that the pile of lumber was an attractive nuisance. In *Holland* v. *Wisconsin Mich-*

*igan Power Co., supra,* we held that a pile of poles on private property was not an attractive nuisance. In *Ryan* v. *Towar, supra,* we held that a water wheel was not an attractive nuisance. In *Peninsular Trust Co.* v. *City of Grand Rapids,* 131 Mich 571, we held that a reservoir was not an attractive nuisance.

The declaration in the case at bar states that the lumber and materials were piled in such a way as to make them attractive to deceased and constituted an attractive nuisance. In our opinion the facts as set up in plaintiff's declaration do not make out a case of an attractive nuisance. In *Holland* v. *Wisconsin Michigan Power Company, supra,* we said: "No law or rule of care required the poles to be so piled as to prevent injury to a child meddling with them."

The judgment is affirmed, with costs to defendants.

Reid, C. J., and Boyles, North, Dethmers, Butzel, Carr, and Bushnell, JJ., concurred.